UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
TD BANK, N.A.,                                              Civil Action No. 10-CV-2843 (JG)

              Plaintiff,                              DECLARATION OF
                                                            HAROLD WEINSTEIN
   -against-

JP MORGAN CHASE BANK, N.A.,
and MAX KAHAN, INC.,

             Defendants.
-----------------------------------------------------x

      Harold Weinstein solemnly declares as follows:

      1.    I am vice president of defendant Max Kahan, Inc. ("Kahan"). I submit this declaration in support of Kahan's application by order to show cause for an order dismissing this action and ordering the return of Kahan's funds, with all accrued interest, now on deposit at plaintiff TD Bank, N.A. in account number 7920060725 in the name of Max Kahan, Inc. (the "TD Bank Account"). I have personal knowledge of the facts set forth below, other than those which relate to the claims of defendant JP Morgan Chase Bank, N.A. ("Chase") described below.

The Need for Immediate Relief

      2.    At the outset, I wish to explain how Kahan has been made to suffer undue prejudice at the hands of TD Bank and Chase - - when the law, as I understand it, is absolutely clear that as a bona fide owner of the funds in the TD Bank Account, Kahan has the unfettered right to those funds. Through no fault of Kahan, it has been deprived of the use of these $2 million, a large sum on anyone's books, solely because Chase was grossly negligent in releasing the funds in the first place.

3. Thus, Kahan first had to abide by the Government's seizure of those funds, only to have the Government concede months later that there was no reason to have frozen those funds since Kahan was not at fault. Then, when the United States District Court dismissed the Government's action with prejudice and ordered that the funds, with accrued interest, be returned to the TD Bank Account, TD Bank continued to deprive Kahan of its money by bringing a baseless interpleader action.

4. The lack of merit in Chase's claim to the funds, given Kahan's position as a bona fide owner, is described in the accompanying memorandum of law.

5. Kahan has waited patiently long enough. It should no longer be deprived of its $2 million needed for its operations. It is not enough to say that Kahan will eventually receive its funds back with interest. Kahan uses those funds for its operations and incurs a loss for so long as the deprivation continues. Its seizure has placed a substantial strain on Kahan's business operations.

6. Therefore, Kahan has made this application by order to show cause, to obtain expedited relief, and not by regular notice of motion.

<u>The Underlying Facts</u>

7. Kahan is in the business of buying and selling gold, and has been so engaged for the past seventeen years. Kahan is well known in this industry.

8. After complying with the Patriot Act, during the period September 18, 2009 through September 21, 2009, Kahan received a total of about $2,089,000 by wire transfer into Kahan's TD Bank Account from an account at HSBC Bank (the "HSBC Account"). The funds were received in connection with Kahan's bona fide sale of gold and platinum to a customer named Golden On Star Limited - a new customer introduced to Kahan and vouched for by a

long-standing client of Kahan. Specifically, Kahan transferred 100.875 ounces of platinum bars, a total of 1,310.50 ounces of fine gold bars, and 20 kilo gold bars to Golden On Star Limited. The gold and platinum were delivered by Kahan to an individual who represented that he was authorized to accept the merchandise on behalf of Golden On Star Limited, and at the time of the transfer, Kahan was accompanied by its longstanding client who had introduced Kahan to Golden On Star Limited.

9. Kahan had absolutely no knowledge that the source of the funds (i.e., now in question had originally arrived at HSBC Bank) was from an account at Chase, where the money supposedly had been transferred out of the account through fraudulent means.

10. In October 2009, the Government commenced suit regarding the funds, in an action entitled <u>United States of America v. All Funds on Deposit in TD Bank Account Number 7920060725, Held in the Name of Max Kahan, Inc., et al.</u>, Case No. 09-CV-4663 (JG) (U.S.D.C., E.D.N.Y.) (The "Government Action"). A copy of the complaint in The Government Action is attached to this declaration as Exhibit A. As alleged in that complaint, in about June 2006, one Xiuqing Yao ("Yao") opened an account at Chase, account no. 907902116901, in the name of Yao. Yao allegedly provided a Chinese passport and Chinese identification card to open the account.

11. The complaint in the Government Action also alleges that prior to opening this account at Chase, Yao met personally with Ms. Julia Fan, a vice president at Chase. Ms. Fan was assigned as Yao's account manager.

12. The complaint in the Government Action also alleges that on September 14, 2009, an unknown person entered a Chase branch in Flushing, New York, and requested that $1.9 million be transferred out of the Chase Account to the HSBC Account, no. 411716236838 held

in the name of Golden On Star Limited. The complaint alleges that the wire was completed on September 16, 2009.

13. The complaint in the Government Action alleges that a similar request, for the transfer of $190,000 from the Chase Account to the HSBC Account, was made on September 18, 2009.

14. The complaint in the Government Action alleges that Yao claimed he had never authorized the transfers and that Chase was duped into transferring the $2,089,000 in funds to the HSBC account in that the identification documents that had been presented to effect the wire transfers to the HSBC Account were counterfeit.

15. By letter dated April 27, 2010 from Chase to Judge John Gleeson in the Government Action, Chase claimed it was the victim of a fraud with respect to its transfer of the funds to the HSBC account. A copy of the letter is attached to this declaration as Exhibit B. However, Chase's claim of fraud is a smokescreen to its own gross negligence by which a small, local branch of Chase – where Yao's account was neither maintained nor managed - would transfer over $2 million in funds from Yao's account to an account not bearing Yao's name, without making so much as a telephone call, or otherwise consulting with Yao's account manager, Ms. Fan, to verify the transfer.

16. Based on these allegations, the Government seized the $2,089,000 in Kahan's TD Bank Account.

17. No evidence was ever presented pointing to any culpability on the part of Kahan. There was never any evidence presented showing that Kahan was anything other than a bona fide owner of the funds in the TD Bank Account.

18. By order of the Court in the Government Action, filed April 29, 2010, the Court dismissed the action with prejudice and directed the United States Secret Service to return the funds, with accrued interest, back to TD Bank for deposit into the TD Bank Account. A copy of this Order is attached to this declaration as Exhibit C.

19. Instead of permitting Kahan to finally have access to its funds, TD Bank then commenced this interpleader action. A copy of the complaint in the interpleader action is attached to this declaration as Exhibit D.

20. The complaint in this action provides no basis for depriving Kahan of its funds. There is not one allegation in the complaint that Kahan had knowledge of any wrongdoing insofar as the withdrawal of the funds from the Chase Account. Kahan had nothing to do with it.

21. Therefore, the Court should dismiss the action and direct TD Bank to release the funds in the TD Bank Account and deliver them to Kahan forthwith.

22. No prior request for the relief requested herein has been made to any other court, except for the request to the Court in the Government Action that the funds be delivered to Kahan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29 day of June, 2010, in New York, New York.

HAROLD WEINSTEIN