UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
                                      :

TD BANK, N.A.,                              :

                    Plaintiff,           :   Index No. 10-CV-2843 (JG)

        - against -                :

JP MORGAN CHASE BANK, N.A. and   :
MAX KAHAN, INC.,
                                :

                  Defendants.      :

------------------------------------X

## MEMORANDUM OF LAW OF JPMORGAN CHASE BANK, N.A. IN OPPOSITION TO THE MOTION OF MAX KAHAN, INC., TO DISMISS THE INTERPLEADER COMPLAINT

LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100

Attorneys for Interpleader-Defendant
JPMorgan Chase Bank, N.A.

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ........................................................................................................2

      A.    The Funds are Fraudulently Transferred
            from Chase to Kahan ...................................................................................2

      B.    The Government Commences a Forfeiture
            Action and Seizes the Funds .......................................................................2

      C.    Kahan and Chase Both Assert Claims to the Funds ....................................3

PROCEDURAL HISTORY .......................................................................................................4

ARGUMENT .............................................................................................................................5

THE COMPLAINT STATES A CLAIM FOR INTERPLEADER .........................................5

      A.    The Applicable Legal Standards .................................................................5

      B.    The Allegations of the Complaint State
            a Claim for Statutory Interpleader ..............................................................6

      C.    A Determination of the Merits of the Competing
            Claims Cannot be Made on a 12(b)(6) Motion ..........................................8

CONCLUSION ........................................................................................................................10

## TABLE OF AUTHORITIES

| Cases | Pages |
|---|---|
| *Armstrong v. Collins*, Nos. 01 Civ. 2437(PAC), 02 Civ. 2796(PAC), 02 Civ. 3620(PAC), 2010 WL 1141158 (S.D.N.Y. Mar. 24, 2010) | 9 |
| *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140 (2d Cir. 1988) | 5 |
| *Bankers Trust Co. of Western N.Y. v. Crawford*, 559 F. Supp. 1359 (W.D.N.Y. 1983) | 5 |
| *Brodeur v. City of New York*, No. 04-CV-1859 (JG), 2005 WL 1139908 (E.D.N.Y. May 13, 2005) | 3 n.2 |
| *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) | 2 n.1 |
| *District Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, __ F.3d __, No. 10-0702-CV, 2010 WL 2680619 (2d Cir. 2010) | 9 |
| *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173 (S.D.N.Y. 2002) (Chin, J.) | 5, 6, 7 |
| *Fonte v. Board of Managers of Cont'l Towers Condo.*, 848 F.2d 24 (2d Cir. 1988) | 8 |
| *Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) | 8 |
| *Giant Grp., Ltd. v. Sands*, 142 F. Supp. 2d 503 (S.D.N.Y. 2001) | 9 |
| *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) | 3 n.2 |
| *In re Bayou Grp., LLC*, 362 B.R. 624 (Bankr. S.D.N.Y. 2007) | 10 |
| *In re Dimino*, 429 B.R. 408 (Bankr. E.D.N.Y. 2010) | 10 |
| *In re Tronix Inc.*, 429 B.R. 73 (Bankr. S.D.N.Y. 2010) | 9 |
| *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952 (2d Cir. 1953) | 6 |

*Murphy v. First Reliance Standard Life Ins. Co.*,
   No. 08-CV-3603 (DRH), 2010 WL 2243356
   (E.D.N.Y. June 1, 2010) ........................................................................................................ 9

*Payless Shoesource, Inc. v. Avalon Funding Corp.*,
   666 F. Supp. 2d 356 (E.D.N.Y. 2009) ......................................................................... 5, 6, 7, 8

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ............................................................... 2 n.1, 3 n.2

*Rubinbaum LLP v. Related Corporate Partners V, L.P.*,
   154 F. Supp. 2d 481 (S.D.N.Y. 2001) ........................................................................ 6, 7, 7 n.3

*Spirit Locker, Inc. v. Evo Direct, LLC*, No. 09-CV-1582 (JG),
   2010 WL 1006561 (E.D.N.Y. Mar. 19, 2010) ..................................................................... 3 n.2

*Tractebel Energy Mktg., Inc. v. AEP Power Mktg. Inc.*,
   487 F.3d 89 (2d Cir. 2007) ................................................................................................... 9

*Truck-A-Tune, Inc. v. RE*, 856 F. Supp. 77 (D. Conn. 1993) ............................................................. 8

*U.S. Sec. & Exch. Comm'n v. Universal Express, Inc.*,
   No. 04 Civ. 2322(GEL), 2008 WL 1944803 (S.D.N.Y. Apr. 30, 2008) ..................................... 9

Statutes

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2, 4, 6, 8

Fed. R. Civ. P. 12(d) ............................................................................................................... 8

Fed. R. Civ. P. 41(a)(2) ...................................................................................................... 3 n.2

Other Authorities

7 Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 1704 (3d ed. 2010) ......................................................... 5, 7

**PRELIMINARY STATEMENT**

Interpleader-defendant JPMorgan Chase Bank, N.A., incorrectly sued herein as "JP Morgan Chase Bank, N.A." ("Chase"), respectfully submits this memorandum of law in opposition to the motion of defendant Max Kahan, Inc. ("Kahan") to dismiss the interpleader complaint filed by TD Bank, N.A. ("TD"), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted and for an order directing TD to immediately release $2,089,000 in funds on deposit at TD plus interest (the "Funds") to Kahan.

Kahan's motion to dismiss TD's interpleader complaint is based entirely on its self-serving and wholly unexamined claim that it has the superior right to the Funds, which it does not dispute were fraudulently transferred from a Chase customer's accounts. Whether Kahan ultimately is entitled to the Funds is irrelevant to the sole question before the Court on this motion: whether TD's complaint states a claim in interpleader. This the complaint clearly does, because it sets forth specific and detailed allegations showing that Chase and Kahan have made competing claims to the Funds which could result in TD's exposure to multiple lawsuits and liabilities.

Furthermore, the question of whether Kahan has the superior right to the Funds, which Kahan effectively *concedes* are the proceeds of a fraud perpetrated on Chase, or whether Chase has the superior right to return of those fraudulently procured proceeds, presents a question of fact that can be determined only on a full record after discovery, including an examination of the circumstances in which Kahan received the stolen money.

For these reasons, explained more fully below, Kahan's motion should be denied, and the interpleader-defendants should be directed to answer the complaint and proceed with discovery regarding their underlying dispute and competing claims to the Funds.

## STATEMENT OF FACTS

The facts set forth below are based on the allegations of the complaint, documents annexed thereto, and documents referred to and relied on in the complaint.[1]

### A.     The Funds are Fraudulently Transferred from Chase to Kahan

On September 15 and September 18, 2009, an imposter posing as Chase's customer, Xiuqing Yao, presented counterfeit identification to a Chase branch in Flushing, Queens and thereby was able to direct transfers of the Funds from Yao's Chase accounts to an offshore HSBC account in the name of Golden On Star Limited.  Complaint, Ex. A, ¶¶ 9-10, Ex. D.  By three separate wire transfers, the Funds were then sent to Kahan's account at TD.  *Id.*, Ex. A, ¶¶ 13-15, Ex. D.

Chase discovered the fraud on or about September 23, 2009, when Yao's personal banker, Julia Fan, noted the significant transfer activity.  Because Fan understood that Yao was in China, she reviewed the identification presented at the Flushing branch.  Upon determining that the identification was counterfeit, and after speaking to Yao, who said that he did not direct the transfers, Fan attempted, unsuccessfully, to recall the wires.  Complaint, Ex. A, ¶¶ 16-17.

In October 2009, Chase advised TD of the fraudulent transfers and asked TD to return the money.  Complaint ¶ 7.

### B.     The Government Commences a Forfeiture Action and Seizes the Funds

Shortly thereafter, on October 28, 2009, the government commenced a forfeiture action against the Funds, asserting in its complaint that the Funds were the proceeds of bank fraud (upon Chase), identity fraud and wire fraud.  Complaint, Ex. A.  Although apparently not

---

[1] Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered on a motion to dismiss pursuant to Rule 12(b)(6) without converting the motion into one for summary judgment.  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

disputing that the Funds were the proceeds of fraud, Kahan asserted in the forfeiture action that he was the lawful owner of the Funds. Complaint ¶ 10. The government ultimately dismissed its case, and there was no adjudication of the merits of Kahan's claim. *Id.*, Ex. B.[2]

Kahan demanded that the government return the seized Funds by issuing a check payable to Kahan, rather than returning the Funds to Kahan's TD bank account, for the express purpose of defeating Chase's right to obtain the Funds from TD via an indemnity agreement. *See* Tr. 5. This Court, however, mindful that Chase asserted a claim to the Funds, ordered that they be returned to TD to restore the status quo. *Id*. at 5-6, 8-10; Complaint ¶¶ 12-13, Ex. B. In so doing, the Court recognized that the issue of whether Chase or Kahan had the superior right to the Funds would be litigated in a subsequent action. Tr. 6.

C.  **Kahan and Chase Both Assert Claims to the Funds**

As explained above (at 2), Chase had initially asserted its right to the Funds in October 2009, prior to the government's initiation of the forfeiture action, on the grounds that the Funds were stolen from a Chase customer's account, and had asked TD to return them. Complaint ¶ 7. TD did not do so, because shortly after Chase's demand, the government seized the Funds. *Id.* ¶ 8.

---

[2] Contrary to the assertion in Kahan's Memorandum ("Kahan Mem.") at 4, the government's case was not dismissed with prejudice; rather, the Court expressly declined to decide whether the dismissal was with prejudice. *See* Transcript of April 28, 2010 hearing, at 3-4, annexed as Exhibit A to this Memorandum of Law. ("Tr.") The Court may rely on the hearing transcript on this motion because the complaint refers to and relies on the events at the hearing. Complaint ¶ 12; *see Roth,* 489 F.3d at 509 (court may consider document not appended to complaint if the document is "incorporated in [the complaint] by reference" or is a document that is "integral to the complaint"); *Spirit Locker, Inc. v. Evo Direct, LLC*, No. 09-CV-1582 (JG), 2010 WL 1006561, at *3 (E.D.N.Y. Mar. 19, 2010) (Gleeson, J.) (same). The Court may also take judicial notice of the transcript on this motion. *See, e.g.*, *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); *Brodeur v. City of New York*, No. 04-CV-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) (court may consider "public documents of which the plaintiff has notice" on Rule 12(b)(6) motion to dismiss).

Furthermore, under Fed. R. Civ. P. 41(a)(2), a dismissal by order of the court is without prejudice unless otherwise specified in the order. Here, the order does not so specify. Complaint, Ex. B.

3

After the government dismissed its forfeiture complaint, Chase once again demanded that TD return the Funds on the grounds that they were the proceeds of fraud, and offered to fully indemnify TD in exchange. Complaint ¶ 15, Ex. D. On April 29, 2010, Kahan wrote to TD, demanding that the Funds be turned over to it, and threatened to sue TD should it fail to do so. Complaint ¶ 14, Ex. C.

## PROCEDURAL HISTORY

On June 17, 2010, the U.S. Secret Service returned the Funds to TD in accordance with the April 29, 2010 Order. Complaint ¶ 18.

On or about June 29, 2010, TD filed its complaint in interpleader, alleging that "both Max Kahan and Chase claim an entitlement to the Funds and each has demanded that TD Bank return the Funds to it," "that it [TD] claim[ed] no title or interest in the Funds . . . ," and that TD "believe[d] that it may be exposed to multiple liability or multiple lawsuits due to the existence of the dispute between Chase and Max Kahan . . . ." Complaint ¶¶ 19, 22-23.

On or about June 29, 2010, Kahan moved by order to show cause to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) based on its assertion that it was entitled to the money due to its alleged "bona fide sale of gold and platinum to a customer named Golden On Star Limited," and its alleged lack of knowledge that the Funds were stolen. Declaration of Harold Weinstein dated June 29, 2010 ("Weinstein Dec.") ¶¶ 8-9. In support of Kahan's claim, Weinstein asserts that Kahan delivered the gold to an unnamed and unidentified person, to whom someone (also unidentified) at Kahan was introduced by an unnamed and unidentified client. *Id*. Kahan argues that the Court must accept its bare-bones and self-serving contentions, which have not yet been probed by Chase in discovery, and dismiss the complaint.

## ARGUMENT

## THE COMPLAINT STATES A CLAIM FOR INTERPLEADER

**A.     The Applicable Legal Standards**

Statutory interpleader "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund under its control a procedure to settle the controversy and satisfy its obligation." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1704 (3d ed. 2010). "An interpleader action is normally considered in two stages: during the first stage, the Court determines whether the interpleader action is appropriate and the stakeholder is entitled to bring the action; during the second, the Court determines the rights of the competing claimants to the fund." *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) (Chin, J.), citing *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140, 143 (2d Cir. 1988); *see also*, *Payless Shoesource, Inc. v. Avalon Funding Corp.*, 666 F. Supp. 2d 356, 360-61 (E.D.N.Y. 2009) (noting that the Second Circuit engages the foregoing two-step process to decide an interpleader action).

The test for determining whether interpleader is proper is whether the stakeholder, here TD Bank, legitimately fears multiple lawsuits directed against a single fund. *Fidelity Brokerage Servs.*, 192 F. Supp. 2d at 178. It is the vexation and expense of *possible* multiple litigation that warrants the use of interpleader, even absent a substantial danger of multiple liability, on the theory that a stakeholder should not be compelled to run the risk of guessing which claimant may recover from the fund. Wright & Miller, *supra*, § 1704. The interpleader statute "is to be liberally construed to prevent a stakeholder from the expense of defending more than one action." *Bankers Trust Co. of Western N.Y. v. Crawford*, 559 F. Supp. 1359, 1362 (W.D.N.Y. 1983).

Because it is the mere possibility of competing claims that determines whether interpleader is appropriate, the merits of the underlying claims are not germane; these are determined during the second stage of interpleader, when the court decides which claim to the Funds prevails. *See Fidelity Brokerage Servs.*, 192 F. Supp. 2d at 178 ("In applying this test, a court need not analyze the merits of the claims because '[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim'"), quoting *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953); *see also Rubinbaum LLP v. Related Corporate Partners V, L.P.*, 154 F. Supp. 2d 481, 486 (S.D.N.Y. 2001) ("the availability of statutory interpleader does not depend on the merit of the underlying claims").

Finally, where, as here, an interpleader-defendant seeks to dismiss an interpleader complaint pursuant to Rule 12(b)(6), the question is whether the allegations of the complaint, which are accepted as true, state a plausible claim for relief. *Payless Shoesource*, 666 F. Supp. 2d at 361. Facts outside the complaint are not considered. *See id.* (while the propriety of an interpleader action is determined based on the record before the court, that is not part of the analysis in a 12(b)(6) motion, where the plaintiff's allegations are accepted as true).

Application of these standards here requires denial of Kahan's motion because: (1) the complaint on its face states a claim for interpleader; (2) Kahan's evidentiary submissions are not properly considered on its 12(b)(6) motion; and (3) in all events, Kahan's submissions do nothing more than raise issues of fact that cannot be determined absent discovery and a full record.

**B.     The Allegations of the Complaint State a Claim for Statutory Interpleader**

The complaint makes clear, specific and detailed allegations that both Chase and Kahan have claimed entitlement to and return of the Funds, based upon which TD reasonably fears

6

exposure to multiple lawsuits and multiple liability.  Complaint ¶¶ 7, 14-15, 23, Exs. C-D.  According to the complaint, Chase has sought the return of the Funds because they were procured by fraud.  *Id.* ¶¶ 7, 15, Ex. D.  TD, on notice that it is holding stolen funds, is undoubtedly subject to suit by Chase if it fails to return the Funds.  Kahan has demanded that TD release the Funds to it, on the grounds that Kahan is an innocent owner with no knowledge of the fraud, and has threatened suit if TD fails to do so.  *Id.* ¶ 14, Ex. C.  TD's factual allegations demonstrating these competing claims – the merits of which TD is neither able nor required to determine – present the classic case for interpleader.  *See e.g.*, *Fidelity Brokerage Servs.*, 192 F. Supp. 2d at 178; Wright & Miller, *supra*, § 1704.

Kahan argues that the interpleader complaint is improper because Kahan's claim to the Funds is meritorious and Chase's claim is "utterly baseless." Kahan Mem. at 5.  These arguments are wholly insufficient to defeat the complaint.  First, as is explained above (at 5-6), the merits of the underlying claims are irrelevant on this motion to dismiss the interpleader as improper; the only question is whether the plaintiff reasonably fears multiple lawsuits by virtue of competing claims.  *See Fidelity Brokerage Servs.*, 192 F. Supp. 2d at 178; *Rubinbaum LLP*, 154 F. Supp. 2d at 486.  Second, as is also explained above (at 6), on this 12(b)(6) motion to dismiss, the allegations of the complaint are accepted as true.  *Payless Shoesource*, 666 F. Supp. 2d at 361.  Kahan's attempt to contradict those assertions with the self-serving and unexamined declaration of its president is unavailing.  And finally, since Kahan does not and cannot dispute that the Funds were transferred from Chase to Kahan's TD account by virtue of fraud, its argument that Chase can have no legitimate claim to the Funds is patently ridiculous.[3]

---

[3] The cases cited by Kahan, Kahan Mem. at 4-5, are not to the contrary.  These cases recognize that where, as here, there are competing claims to a single fund, interpleader is proper, and the claim should be upheld.  *See, e.g.*, *Rubinbaum*, 154 F. Supp. 2d at 486-87 (upholding interpleader of officers of a company since they were potentially entitled to fee).  The cases in which the interpleader claim was rejected presented unusual circumstances not present

7

In sum, the complaint alleges ample facts to support the conclusion that TD reasonably fears the likelihood of multiple suits and liabilities based on the competing claims to the Funds, and it thus states a plausible claim for relief. *See Payless Shoesource*, 666 F. Supp. 2d at 361. For that reason, Kahan's motion to dismiss should be denied.

**C.     A Determination of the Merits of the Competing
        Claims Cannot be Made on a 12(b)(6) Motion**

Kahan's motion should also be denied because it is wholly improper under Rule 12(b)(6). Though styled as a motion to dismiss for failure to state a claim, the motion really seeks summary judgment: it is addressed not to the sufficiency of the complaint, but rather to the merits of Kahan's claim to the Funds, set forth in the declaration of its president. *See* Weinstein Dec.

The law is clear that the Court may not even consider the factual matter asserted in the Weinstein Declaration on this Rule 12(b)(6) motion, unless the Court, upon notice to all of the parties, converts the motion to one for summary judgment. Fed. R. Civ. P. 12(d); *see Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) ("[A] district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss."); *Fonte v. Board of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) ("Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment . . . .").

---

here. *Cf. Truck-A-Tune, Inc. v. RE*, 856 F. Supp. 77, 81 (D. Conn. 1993) (stakeholder used interpleader improperly to develop claims on its own behalf).

8

Furthermore, there is no basis for converting Kahan's motion to dismiss into a motion for summary judgment here, particularly since the motion was filed instead of an answer and the parties have not even commenced discovery. *See Murphy v. First Reliance Standard Life Ins. Co.*, No. 08-CV-3603 (DRH), 2010 WL 2243356, at *5 (E.D.N.Y. June 1, 2010) (noting that district court should not transform a Rule 12(b)(6) motion into a summary judgment motion where, as here, the motion has been filed in lieu of an answer and the parties have not completed discovery) citing *Giant Grp., Ltd. v. Sands*, 142 F. Supp. 2d 503, 506 (S.D.N.Y. 2001) (same).

At best, Kahan's submission raises factual issues as to which Chase has not yet had discovery. Whether Kahan in fact made a bona fide sale of gold, whether it acted in good faith, and whether it knew or had reason to know or suspect that the payment was made with stolen money simply cannot be determined based on the self-serving, bare-bones, and unexamined declaration of Kahan's president. Resolution of these issues can be made only on a full record after completion of discovery.[4] *See District Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, __ F.3d __, No. 10-0702-CV, 2010 WL 2680619, at *6 (2d Cir. 2010) ("[W]hether particular conduct violates or is consistent with the duty of good faith . . . necessarily depends upon the facts of the particular case, and is ordinarily a question of fact to be determined by the jury or other finder of fact") quoting *Tractebel Energy Mktg., Inc. v. AEP Power Mktg. Inc.*, 487 F.3d 89, 98 (2d Cir. 2007); *see also In re Tronix Inc.*, 429 B.R. 73, 97 (Bankr. S.D.N.Y. 2010) (whether a transfer is for reasonably equivalent value is largely a question of fact that cannot be determined on a motion to dismiss); *Armstrong v. Collins*, Nos. 01 Civ. 2437(PAC), 02 Civ. 2796(PAC), 02 Civ. 3620(PAC), 2010 WL 1141158, at *20 (S.D.N.Y.

---

[4] The cases upon which Kahan relies, Kahan Mem. at 5-6, also make clear that the issues raised by Kahan are factual and are not susceptible of pre-discovery summary judgment. *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Universal Express, Inc.*, No. 04 Civ. 2322(GEL), 2008 WL 1944803, at *1, 10 (S.D.N.Y. Apr. 30, 2008) (concluding that the dispute could not be resolved without a hearing as all the theories presented "turned on some variation of the essentially factual questions of whether [the party] acted in good faith . . .").

9

Mar. 24, 2010) (whether reasonably equivalent value is given "is typically a question of fact"); *In re Dimino*, 429 B.R. 408, 417 (Bankr. E.D.N.Y. 2010) (same); *In re Bayou Grp., LLC*, 362 B.R. 624, 638-39 (Bankr. S.D.N.Y. 2007) (plaintiffs were entitled to discovery on the issue of defendant's good faith which "would generally entail disputed issues of fact requiring a trial").

For these reasons as well, Kahan's motion to dismiss should be denied.

## CONCLUSION

For all of the foregoing reasons Kahan's motion to dismiss the interpleader complaint should be denied.

Dated: New York, New York
       July 23, 2010

    LEVI LUBARSKY & FEIGENBAUM LLP

    By: _s/_____
        Andrea Likwornik Weiss
        Andre Castaybert
    1185 Avenue of the Americas, 17th Floor
    New York, New York 10036
    (212) 308-6100

*Attorneys for Interpleader-Defendant JP Morgan Chase Bank, N.A.*