**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TD BANK, N.A. | : | |
| Plaintiff, | : | Civ. No. 10-CV-2843 (JG) |
| v. | : | |
| JP MORGAN CHASE BANK, N.A., and MAX KAHAN, INC. | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2010, upon consideration of Plaintiff TD Bank, N.A.'s Motion for Leave to Deposit Funds in the Registry of the Court, the accompanying memorandum of law and all other related papers and exhibits, the Court finds the motion is well-founded.  Therefore, it is hereby ORDERED that the Motion is GRANTED and the Clerk of Court shall permit TD Bank to deposit the funds at issue in this interpleader action ($2,089,000.00) in the registry of the Court.

_____
Gleeson, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TD BANK, N.A. | |
| Plaintiff, | Civ. No. 10-CV-2843 (JG) |
| v. | |
| JP MORGAN CHASE BANK, N.A., and MAX KAHAN, INC. | |
| Defendants. | |

**PLAINTIFF TD BANK, N.A.'S MOTION FOR LEAVE TO
DEPOSIT FUNDS IN THE REGISTRY OF THE COURT**

Pursuant to 28 U.S.C. § 1335, Plaintiff TD Bank, N.A. ("TD Bank") hereby moves for leave of Court to deposit the funds that are the subject of this interpleader action ($2,089,000.00) (the "Funds") in the registry of the Court. As provided by Section 1335, TD Bank sought to deposit the Funds in the registry with the filing of its interpleader Complaint, but was informed that the Clerk would not accept the Funds in the absence of a Court order. Accordingly, a Court order is required to permit TD Bank to deposit the funds and perfect the statute's requirements. The basis for TD Bank's motion is set forth in the attached memorandum of law.

WHEREFORE, TD Bank respectfully requests that the Court grant its motion,

        /s/ Angelo A. Stio, Esq.
Angelo A. Stio, III, Esq. (#AS 7880)
PEPPER HAMILTON LLP
The New York Times Building
37th Floor
620 Eighth Avenue
New York, New York 10018-1405


Stephen G. Harvey, Esq.
Frank H. Griffin, IV, Esq.
PEPPER HAMILTON LLP
Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
(215) 981-4000

*Attorneys for Plaintiff TD Bank, N.A.*

July 23, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TD BANK, N.A.

        Plaintiff,

    v.

JP MORGAN CHASE BANK, N.A.,
and MAX KAHAN, INC.

        Defendants.

Civ. No. 10-CV-2843 (JG)

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF TD BANK, N.A.'S MOTION FOR
LEAVE TO DEPOSIT FUNDS IN THE REGISTRY OF THE COURT**

Pursuant to 28 U.S.C. § 1335, Plaintiff TD Bank, N.A. ("TD Bank") seeks leave of Court to deposit the funds that are the subject of this interpleader action ($2,089,000.00) (the "Funds") in the registry of the Court. In support of its motion, TD Bank states as follows:

1. This is an interpleader action involving competing claims by Defendants Max Kahan, Inc. ("Max Kahan") and JP Morgan Chase Bank, N.A. ("Chase") to $2,089,000.00 (the "Funds") that was formerly held in a Max Kahan account at TD Bank. See Complaint ¶ 1. It is undisputed that both Max Kahan and Chase claim an entitlement to the entirety of the Funds and have demanded that TD Bank turn the Funds over to them. TD Bank claims no right to or interest in the Funds. As a result, TD Bank initiated this interpleader action pursuant to 28 U.S.C. § 1335 on June 21, 2010 to extricate itself from the risk of multiple liability and lawsuits due to Defendants' competing claims. Id..

2. 28 U.S.C. § 1335(a) provides that this Court has jurisdiction over any interpleader action involving property over $500 where (1) "two or more adverse claimants, of

diverse citizenship…are claiming or may claim to be entitled to such money or property"; and (2) "the plaintiff has deposited such money or property…into the registry of the court…."

3. With respect to Section 1335(a)(2), in its Complaint TD Bank "offer[ed] to deposit the Funds into the registry of the Court or to give bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper conditioned upon TD Bank's compliance with the future order or judgment of the Court with respect to the Funds."[1] Complaint ¶ 24.  TD Bank attempted to deposit the Funds with the registry of the Court when filing the Complaint, but was informed that the Clerk would not accept the Funds in the absence of a Court order permitting the Funds to be deposited.  Accordingly, a Court order is required to permit TD Bank to deposit the funds and perfect the statute's requirements.

4. The allegations of the Complaint clearly set forth the remaining elements of TD Bank's claim.  As demonstrated in the Complaint, the amount in controversy exceeds $500, and the Defendants are diverse citizens.  See Complaint ¶¶ 1-4.  More specifically, Max Kahan is a citizen of New York and Chase is a Citizen of Ohio.  Id. ¶¶ 3-4.

5. In addition, the Defendants have made adverse claims to the Funds and demanded that TD Bank turn the funds over to them.  For example, on April 29, 2010, Max Kahan demanded that TD Bank "turn over the [F]unds" to Max Kahan and further threatened that it "would seek to enforce all available legal, equitable and regulatory remedies, including the imposition of punitive damages" if TD Bank did not comply.  Complaint, Ex. C at 1-2.  Similarly, on May 2, 2010, Chase demanded that TD Bank freeze and remit the Funds to Chase,

---

[1] This Court still has jurisdiction over the action in the absence of the funds actually being deposited in the registry because TD Bank has "offered to tender the property at issue to the Court." Payless Shoesource, Inc. v. Avalon Funding Corp., 666 F. Supp. 2d 256, 360 (E.D.N.Y 2009).

while offering to indemnify TD Bank from future litigation involving the Funds. Id. at 2. Chase has previously represented to this Court that TD Bank "must" comply with its offer pursuant to Section 134(5) of the New York Banking code. Complaint, Ex. D at 2.

6. Accordingly, TD Bank is a disinterested stakeholder with a reasonable fear of being subjected to multiple lawsuits and multiple liabilities if it continues to hold the Funds (or accedes to one of the Defendants demands). See Rubbinbaum, L.L.P. v. Related Corporate Partners V, L.P., 154 F. Supp. 2d 481, 486 (S.D.N.Y. 2001) ("The mere threat of future litigation is sufficient for a plaintiff to invoke the statutory interpleader remedy."); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1704 (3d ed. 2001) ("[I]t is immaterial whether the stakeholder believes that all the claims against the fund are meritorious.").[2]

7. Accordingly, the Complaint sets forth required elements for jurisdiction under 28 U.S.C. § 1335. Consistent with the statute, the Court should permit TD Bank to deposit the Funds with the registry of the Court.

8. For the foregoing reasons, TD Bank respectfully requests that the Court grant its motion and direct the Clerk to accept the Funds in the registry of the Court.

---

[2] In a motion pending before the Court, Max Kahan has incorrectly argued that the Court should dismiss the Complaint pursuant to rule 12(b)(6) because its claim to the Funds is superior to Chase's claim. See Mem. in Support of Order to Show Cause at 5-7. However, the merits of Max Kahan and Chase's respective claims are not relevant to the question of the Court's jurisdiction under 28 U.S.C. § 1335. See John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952, 954 (2d Cir. 1953) ("In an interpleader action, the jurisdiction of the court is not dependent on the merits of the claims of the defendants.") The sole question is whether TD Bank, as a disinterested stakeholder, has a real and reasonable fear of multiple litigation and multiple liabilities as a result of Defendants' adverse claims to the property. TD Bank repeats and incorporates by reference all of the arguments raised in its Opposition to Max Kahan's Order to Show Cause.

        Respectfully submitted,


        /s/ Angelo A. Stio, III
        Angelo A. Stio, III, Esq. (#AS 7880)
        PEPPER HAMILTON LLP
        The New York Times Building
        37th Floor
        620 Eighth Avenue
        New York, New York 10018-1405


        Stephen G. Harvey, Esq.
        Frank H. Griffin, IV, Esq.
        PEPPER HAMILTON LLP
        Two Logan Square
        Eighteenth & Arch Streets
        Philadelphia, PA 19103
        (215) 981-4000

        *Attorneys for Plaintiff TD Bank, N.A.*

July 23, 2010

-5-

## CERTIFICATE OF SERVICE

I, Frank H. Griffin, IV, hereby certify that on this 23rd day of July 2010, copies of the foregoing Motion For Leave To Deposit Funds With the Registry of the Court and all accompanying papers were served on all counsel of record by filing the document on the Court's CM/ECF system, where they are available for viewing and downloading.

    /s/ Frank H. Griffin, IV_____
Frank H. Griffin, IV