Sheldon Eisenberger (SE-2021)
The Law Office of Sheldon Eisenberger
*Attorneys for Defendant  Max Kahan, Inc.*
30 Broad Street, 27th Floor
New York, New York 10004
(212) 422-3843

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- :

TD BANK, N.A.,                                                   :
                                                                      :
                                                                      : Civil Action No. 10-CV-2843 (JG) (ARL)
                                                   Plaintiff,:
                                                                      :
              -against-                                     : **ANSWER WITH CROSS-CLAIM**
                                                                      :
                                                                      :
JP MORGAN CHASE BANK., N.A. and       :
MAX KAHAN, INC.,                                      :
                                                                      :
                                                 Defendants.:
                                                                      :
-------------------------------------------------------- :


         Defendant Max Kahan, Inc. ("Kahan"), by its attorneys The Law Office of

Sheldon Eisenberger, for its Answer to the Complaint in Interpleader, alleges as

follows:

         1.        Denies the allegations contained in paragraph 1 of the complaint except

admits that plaintiff filed this complaint in interpleader, but denies that it is entitled to

do so,  and respectfully refers the Court to the original of said document for an accurate

and in context recitation of its contents.

         2.        States that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in the second paragraph denominated

as "paragraph 1" of the complaint.[1]

---
[1] Note, the complaint contains two paragraphs denominated as "paragraph 1".

3.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

4.     Admits the allegations contained in paragraph 3 of the complaint.

5.     With respect to the allegations contained in paragraph 4 of the complaint, no response is required because the allegations consist of a legal conclusion; if a response is required, Kahan denies the allegations.

6.     Admits that plaintiff purports to place venue in this district for the reason stated in paragraph 5 of the complaint, but denies that the reason is true.

7.     Admits the allegations contained in paragraph 6 of the complaint.

8.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

9.     Denies the allegations contained in paragraph 8 of the complaint, except admits that on October 28, 2009, the United States of America initiated a forfeiture proceeding against the Funds and further admits that in connection with the initiation of the Forfeiture Action, the United States seized the Funds.

10.     Denies the allegations contained in paragraph 9 of the complaint, and respectfully refers the Court to the original of said document for an accurate and in context recitation of its contents.

11.     With respect to the allegations contained in paragraph 10 of the complaint, admits that Kahan filed an Answer and Counterclaim in the Forfeiture Action, and respectfully refers the Court to the original of said document for an accurate and in context recitation of its contents.

12.     Admits the allegations contained in paragraph 11 of the complaint.

13.    Denies the allegations contained in paragraph 12 of the complaint and respectfully refers the Court to the transcript of the hearing for an accurate and in context recitation of the proceeding.

14.    With respect to the allegations contained in paragraph 13 of the complaint, admits that on April 29, 2010, the Court entered an Order in the Forfeiture Action, and respectfully refers the Court to the original of said document for an accurate and in context recitation of its contents.

15.    With respect to the allegations contained in paragraph 14 of the complaint, admits that on April 29, 2010, counsel for Kahan wrote to plaintiff, and respectfully refers the Court to the original of said document for an accurate and in context recitation of its contents.

16.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

17.    Denies the allegations contained in paragraph 16 of the complaint.

18.    Denies the allegations contained in paragraph 17 of the compliant and respectfully refers the Court to the original of said document for an accurate and in context recitation of its contents.

19.    Admits the allegations contained in paragraph 18 of the complaint.

20.    Denies the allegations contained in paragraph 19 of the complaint.

21.    With respect to the allegations contained in paragraph 20 of the complaint, Kahan repeats and re-alleges each of the responses set forth herein in response to paragraphs 1 through 20 of the complaint as if fully set forth herein.

22.    Denies the allegations contained in paragraph 21 of the complaint.

23. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

24. Denies the allegations contained in paragraph 23 of the complaint.

25. Admits that plaintiff offered to deposit the Funds into the registry of the Court or to give a bond payable to the Clerk of the Court, but denies that it is entitled to do so.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

26. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

27. The complaint is barred by the doctrine of unclean hands.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

28. Plaintiff failed to comply with Section 134(5) of the New York Banking Law by failing to post a bond.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

29. The complaint fails to state a complaint for interpleader as a matter of law.

## AS AND FOR A CROSS-CLAIM
## AGAINST DEFENDANT JP MORGAN CHASE BANK, N.A.

30. Cross-claimant Max Kahan, Inc. ("Kahan") is a New York corporation with its principal place of business located in New York, New York.

31. Upon informant and belief, cross-claimant defendant JP Morgan Chase Bank, N.A. ("Chase") is a National Association with its main office in Columbus, Ohio.

32.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

33.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

34.     Kahan is in the business of buying and selling gold, and has been so engaged for the past seventeen years.  Kahan is well known in this industry.

35.     After complying with the Patriot Act, during the period September 18, 2009 through September 21, 2009, Kahan received a total of $2,089,000 (the "Funds") by wire transfer into Kahan's TD Bank Account from an account at HSBC Bank (the "HSBC Account").

36.     The Funds were received in connection with Kahan's bona fide sale of gold and platinum to a customer named Golden On Star Limited - a new customer introduced to Kahan and vouched for by a long-standing client of Kahan.

37.     Specifically, Kahan transferred 100.875 ounces of platinum bars, a total of 1,310.50 ounces of fine gold bars, and 20 kilo gold bars to Golden On Star Limited.

38.     The gold and platinum were delivered by Kahan to an individual who represented that he was authorized to accept the merchandise on behalf of Golden On Star Limited, and at the time of the transfer, Kahan was accompanied by its longstanding client who had introduced Kahan to Golden On Star Limited.

39.     Kahan had absolutely no knowledge that the source of the Funds from the HSBC Account was from an account at Chase, where the money supposedly had been transferred out of the account through fraudulent means.

40.     In October 2009, the Government commenced suit regarding the Funds, in an action entitled United States of America v. All Funds on Deposit in TD Bank Account Number 7920060725, Held in the Name of Max Kahan, Inc., et al., Case No. 09-CV-4663 (JG) (U.S.D.C., E.D.N.Y.) (The "Government Action").   As alleged in that complaint, in about June 2006, one Xiuqing Yao ("Yao") opened an account at Chase, account no. 907902116901, in the name of Yao.   Yao allegedly provided a Chinese passport and Chinese identification card to open the account.

41.     The complaint in the Government Action also alleged that prior to opening this account at Chase, Yao met personally with Ms. Julia Fan, a vice president at Chase. Ms. Fan was assigned as Yao's account manager.

42.     The complaint in the Government Action also alleged that on September 14, 2009, an unknown person entered a Chase branch in Flushing, New York, and requested that $1.9 million be transferred out of the Chase Account to the HSBC Account, no. 411716236838 held in the name of Golden On Star Limited.   The complaint alleged that the wire was completed on September 16, 2009.

43.     The complaint in the Government Action alleged that a similar request, for the transfer of $190,000 from the Chase Account to the HSBC Account, was made on September 18, 2009.

44.     The complaint in the Government Action alleged that Yao claimed he had never authorized the transfers and that Chase was duped into transferring the $2,089,000

in funds to the HSBC account in that the identification documents that had been presented to effect the wire transfers to the HSBC Account were counterfeit.

45.     By letter dated April 27, 2010 from Chase to Judge John Gleeson in the Government Action, Chase claimed it was the victim of a fraud with respect to its transfer of the funds to the HSBC account.   However, Chase's claim of fraud is a smokescreen to its own gross negligence by which a small, local branch of Chase – where Yao's account was neither maintained nor managed - would transfer over $2 million in funds from Yao's account to an account not bearing Yao's name, without making so much as a telephone call, or otherwise consulting with Yao's account manager, Ms. Fan, to verify the transfer.

46.     Based on these allegations, the Government seized the $2,089,000 in Kahan's TD Bank Account.

47.     No evidence was ever presented pointing to any culpability on the part of Kahan.  There was never any evidence presented showing that Kahan was anything other than a bona fide owner of the Funds in the TD Bank Account.

48.     By order of the Court in the Government Action, filed April 29, 2010, the Court dismissed the action and directed the United States Secret Service to return the Funds, with accrued interest, back to TD Bank for deposit into the TD Bank Account.

49.     Instead of permitting Kahan to finally have access to its Funds, TD Bank then commenced the instant interpleader action.

50.     On June 29, 2010, Kahan moved this Court, by order to show cause, to dismiss the instant interpleader action.

51.     Thereafter, on or about July 23, 2010, plaintiff TD Bank moved this Court for leave to deposit the Funds in the registry of the court.

52.     By order of this Court filed August 3, 2010, the Court (i) granted TD Bank's motion, and directed the Clerk of the Court to permit TD Bank to deposit the Funds in the registry of the Court; and (ii) denied Kahan's motion to dismiss the interpleader action.

## AS AND FOR A FIRST CROSS-CLAIM
### (Declaratory Judgment)

53.     Kahan repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if fully contained herein.

54.     By reason of the foregoing, there is a judiciable and actual controversy between Kahan and Chase concerning the ownership of the Funds.

55.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2201, Kahan is entitled to have its rights with respect to the Funds, declared by the Court.

56.     More specifically, Kahan is entitled to a declaration that it is the true owner of the Funds.

57.     Kahan will be irreparably harmed if such declaratory judgment is not rendered.

58.     Kahan has no adequate remedy at law.

WHEREFORE, Kahan demands judgment as follows:

(a)     declaring that the Funds belong to Kahan;

(b)     awarding Kahan its reasonable attorneys' fees, cost and disbursements of this action; and

(c)     granting such other and further relief as this Court deems just, equitable

and proper.

Dated:  New York, New York
        August 10, 2010

THE LAW OFFICE OF SHELDON EISENBERGER
Attorneys for Defendant Max Kahan, Inc.


By:     /s/ Sheldon Eisenberger
        Sheldon Eisenberger (SE 2021)
        30 Broad Street
        New York, New York 10004
        (212) 422-3843