UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TD BANK, N.A.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK, N.A.,<br>and MAX KAHAN, INC.<br><br>　　　　　Defendants. | Civ. No. 10-CV-2843 (JG) |

**PLAINTIFF'S RESPONSE TO THE COURT'S OCTOBER 15, 2010
ORDER TO SHOW CAUSE**

Plaintiff T.D. Bank, N.A. ("TD Bank") hereby submits this memorandum along with the accompanying Declaration of James Power ("Power Decl.") in response to the Court's October 15, 2010 Order to Show Cause.

**I.　TD BANK SHOULD BE DISMISSED FROM THE CASE**

TD Bank agrees that it is "appropriate that [it] be dismissed" from the case. Oct. 15, 2010 Or. at 2. "Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss it from the case." Met Life Investors USA Ins. Co v. Zeidman, No. 09-cv-2596, 2010 U.S. Dist. LEXIS 90623, at *23 (E.D.N.Y. Aug. 31, 2010) citing New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir. 1983). That is precisely the case here where TD Bank has established the jurisdictional requirements of 28 U.S.C. § 1335. First, the record is undisputed that both Defendants Max Kahan, Inc. ("Max Kahan") and JP Morgan

-1-

`Chase Bank, N.A. ("Chase") claim an entitlement to all of the $2.089 million that was formerly held in Max Kahan's account at TD Bank. See 28 U.S.C. § 1335(a)(1). In addition, as the Court noted in its August 19, 2010 opinion, "TD Bank's fear of double liability is genuine." Aug. 19, 2010 Op. at 7. Second, TD Bank has deposited the entirety of the disputed $2.089 million with the registry of the Court. See 28 U.S.C. § 1335(a)(2). Therefore, the Court should dismiss TD Bank from the case and move forward to resolving the competing claims of Max Kahan and Chase. See Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 (2d Cir. 1988).

## II. TD BANK WILL DEPOSIT THE INTEREST RETURNED BY THE GOVERNMENT WITH THE REGISTRY OF THE COURT

Although the government intended that $2,357.71 in accumulated interest would be returned to the Max Kahan account in June, no deposit was made until July 1, 2010. Power Decl. ¶ 2. TD Bank has conferred with the government through the U.S. Attorney's office and confirmed that this payment represented the accumulated interest. Id. ¶ 3. TD Bank claims no entitlement to those funds and is prepared to deposit the $2,357.71 in the registry of the Court. Accordingly, TD Bank requests that the Court enter an order permitting it to make that payment.

With respect to the brief time when TD Bank held the $2.089 million between June 17, 2010 and August 4, 2010, no further accounting of interest is necessary. Max Kahan's account at TD Bank is a non-interest bearing checking account. Power Decl. ¶ 4. Federal law prohibits the payment of interest on checking accounts that are owned by entities organized for profit. More specifically, the payment of interest by banks on deposit accounts is regulated by the Federal Reserve Board pursuant to by Section 19 of the Federal Reserve Act, 12 U.S.C. 461(a). Under that authority the Board has enacted 12 C.F.R. 217.1 which prohibits banks that

are that are members of the Federal Reserve system[1] from "directly or indirectly, by any device whatsoever paying any interest on any demand deposit."

Accordingly, no interest would have accrued on the funds had they been held in Max Kahan's account at TD Bank. Although TD Bank attempted to deposit the funds with the Court when this action was filed (maintaining them in an internal checking account), the Clerk would not accept the funds prior to the Court's granting TD Bank's Motion to Deposit Funds on August 3, 2010.

### III.   CONCLUSION

For the foregoing reasons, TD Bank requests that the Court enter an Order (1) permitting TD Bank to deposit the $2,357.71 in interest in the registry of the Court and (2) dismissing TD Bank from this case with prejudice.

    /s/ Angelo A. Stio, Esq.
Angelo A. Stio, III, Esq. (#AS 7880)
PEPPER HAMILTON LLP
The New York Times Building
37th Floor
620 Eighth Avenue
New York, New York 10018-1405

Stephen G. Harvey, Esq.
Frank H. Griffin, IV, Esq.
PEPPER HAMILTON LLP
Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
(215) 981-4000

October 22, 2010                           *Attorneys for Plaintiff TD Bank, N.A.*

---

[1] TD Bank, like all national banks, is required by law to be a member of the Federal Reserve System and comply with all Federal Reserve regulations. See 12 U.S.C. 222.

-4-

## CERTIFICATE OF SERVICE

I, Frank H. Griffin, IV, hereby certify that on this 22rd day of October 2010, copies of the foregoing Response to the Court's October 15, 2010 Order to Show Cause and all accompanying papers were served on all counsel of record by filing the document on the Court's CM/ECF system, where they are available for viewing and downloading.

    /s/ Frank H. Griffin, IV_____
Frank H. Griffin, IV