THE LAW OFFICE OF SHELDON EISENBERGER
ATTORNEYS AT LAW
30 BROAD STREET
NEW YORK, NEW YORK 10004

(212) 422-3843

FAX: (212) 422-3844

December 9, 2010

<u>VIA ECF</u>

The Honorable Magistrate Arlene R. Lindsay
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

   Re: TD Bank, N.A. v. JP Morgan Chase Bank, N.A., et al.,
     <u>E.D.N.Y. Case No.: 10-CV-2843 (JG) (ARL)</u>

Dear Magistrate Judge Lindsay:

  We represent defendant Max Kahan, Inc. ("Kahan") in the above referenced action. We submit this letter for emergency relief seeking an order: (a) quashing a subpoena issued by defendant JP Morgan Chase Bank, N.A. ("Chase") to TD Bank, N.A. ("TD Bank") dated November 23, 2010 (the "Subpoena"); (b) alternatively, modifying the Subpoena; and (c) staying compliance with the Subpoena pending a determination of this application. We have conferred with Andrea Weiss, Esq., counsel for Chase, in a good faith effort to resolve the issues in dispute, but we were unable to do so.

**Background**

  We will not waste the Court's time by repeating the factual background of this action. A full recitation of the facts can be found in the Complaint in Interpleader, a copy of which is annexed hereto as Exhibit A, the Answer of Interpleader Defendant JPMorgan Chase Bank, N.A., a copy of which is annexed hereto as Exhibit B, and the Answer with Cross-Claim of Kahan, a copy of which is annexed hereto as Exhibit C.

  On or about November 23, 2010, Chase issued the Subpoena to TD Bank. The Subpoena commanded TD Bank to produce the following documents for the period January 1, 2008 through the present[1]:

  1. All documents relating to Kahan's accounts at TD Bank, including but not limited to Kahan's TD Bank Account 7920060725, account opening documents, account

---

[1] In our good faith negotiations with Ms. Weiss, we were able to get her to agree to limit the Subpoena to July 2009 to the present. She was unwilling to make any further modifications.

THE LAW OFFICE OF SHELDON EISENBERGER

statements, wire transfer advices and confirmations, communications and correspondence.

2. All documents relating to any communications between TD Bank on the one hand, and Kahan, HSBC, or Golden On Star, on the other hand, concerning: (a) Kahan; (b) Golden On Star; (c) the Golden On Star Transaction; (d) wire transfers from the HSBC Account of Golden On Star to Kahan's TD Bank Account 7920060725; (e) any wire transfers from Kahan's TD Bank Account 790060725 to the HSBC Account of Golden On Star; (f) Chase's efforts to recoup the funds transferred to Kahan's TD Bank Account 7920060725 from the HSBC Account of Golden On Star.

A copy of the Subpoena is annexed hereto as Exhibit D. As fully set forth below, Kahan objects to paragraph 1 of the Subpoena because it is overbroad in scope and time frame, clearly represents a fishing expedition by Chase, seeks documents that have no bearing on any issue in this action and requests irrelevant proprietary and confidential information belonging to Kahan. Kahan additionally objects to subsection (a) of paragraph 2 of the Subpoena because the request is vague and ambiguous. Kahan objects to this subsection (a) to the extent it seeks documents other than those related to the purported fraudulent transfers by Golden On Star Limited ("Golden On Star") into Kahan's TD Bank account.

**The Instant Application**

    A.    **Quashing the Subpoena**

Kahan has standing to challenge the Subpoena since courts have found that "individuals have a constitutionally protected privacy interest in their personal records, which may provide a basis for standing to challenge subpoenas served on non-party institutions." Koch v. Greenberg, 2009 WL 2143634, *FN1 (S.D.N.Y. 2009)

The requests for documents sought by Chase from TD Bank represent an improper fishing expedition by Chase. Paragraph 1 of the Subpoena requests "all documents relating to Kahan's accounts at TD Bank." The request does not limit itself to the account to which the purported fraudulent funds were transferred, nor does it limit itself to transactions with Golden On Star. Other accounts of Kahan and other transactions by Kahan have no bearing on any issue related to this action. See Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims.")

To support its over reaching demands, in our good faith negotiations with Ms. Weiss, Ms. Weiss stated that Chase was entitled to such broad discovery because Kahan had asserted an affirmative defense that "Kahan detrimentally relied on the receipt of the funds." See Kahan's Answer of Defendant Max Kahan, Inc. to JPMorgan Chase Bank, N.A.'s Claim to Interpleaded Funds, And Cross-Claims Against Max Kahan, Inc., a copy of which is annexed hereto as Exhibit E, ¶ 51. However, Ms. Weiss is intentionally misconstruing the defense. Kahan's detrimental reliance on the receipt of the funds was its transference of the gold and platinum to

THE LAW OFFICE OF SHELDON EISENBERGER

Golden On Star in exchange for the funds. Ms. Weiss then sought to support her all-inclusive demands by citing to Kahan's allegation in its cross-claim against Chase that "Kahan will be irreparably harmed if such declaratory judgment is not rendered." See Exhibit C, ¶ 57. However, the irreparable harm to which Kahan refers is that in the event the money is returned to Chase, Kahan will have no recourse to recover the gold and platinum that it sold to Golden On Star, nor will it be able to recoup the $2,089,000 returned. No one – including the government – has been able to locate Golden On Star, and suspiciously, Chase's customer Xiuging Yao, from whose account the money was purportedly fraudulently transferred, and his business partner Wenru Yang, who had signatory powers on the account, are both not cooperating in this action.[2] There is simply no basis in law or fact to support Chase's overly broad demands.

In addition, by allowing Chase to receive all of Kahan's financial information, Chase will receive information relating to Kahan's customers. Kahan's customers' names and their business transactions, including their banking information, is proprietary and confidential information. The public divulgence of such information will harm Kahan's business. Discretion is a key element to Kahan's business and its relationship with its customers, some of which have been Kahan's customers for over seventeen years.

Chase's subpoena is also overly broad since it is seeking Kahan's banking documents up until the present. The three wire transfers at issue occurred in September 2009. Chase has no need for Kahan's financial information from dates after the wire transactions occurred. Such information is utterly irrelevant to the issue of this lawsuit. See Fox Industries, Inc. v. Gurovich, 2005 WL 2133595 (E.D.N.Y. 2005) (subpoenas to customers and suppliers quashed where defendants could not demonstrate the relevance of the information sought to the issues before the court).

Chase further seeks to do an end run around its obligation to first request the documents from Kahan. See Fed. R. Civ. Proc. 34; Minibooster Hydraulics A/S v. Scanwill Fluid Power ApS, 2007 WL 1526421, *3 (W.D.N.Y. 2007). It is outrageous that only three days after Chase served Kahan with its First Request For The Production Of Documents – which request seeks the exact documents sought from TD Bank – Chase served the Subpoena on TD Bank. Chase has not given Kahan an opportunity to respond to the request, which response is not due until December 22, 2010.

### B. Staying Compliance with the Subpoena Pending a Determination on this Application

The Subpoena is returnable on December 15, 2010. Without a stay of compliance, TD Bank will likely produce the requested documents to Chase – which documents Chase is not entitled to - during the pendency of this application.

---

[2] We are advised that one is in China and the other one is in Canada. Although both have retained local New York counsel, neither will allow their counsel to accept service of a deposition subpoena or subpoena duces tecum on their behalf.

{00017794.DOC}                                                    3

THE LAW OFFICE OF SHELDON EISENBERGER

      For the foregoing reasons, Kahan seeks an order: (a) quashing the Subpoena; (b) alternatively, modifying the Subpoena; and (c) staying compliance with the Subpoena pending a determination of this application.

                                        Respectfully submitted,

                                        Sheldon Eisenberger (SE-2021)

cc: Andrea Likwornik Weiss (via ECF)