## LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

February 25, 2011

*VIA ECF*
The Honorable Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York  11722

      Re:    *TD Bank, N.A. v. JP Morgan Chase Bank, N.A., et al.*
               10 Civ. 2843 (JG) (ARL)

Dear Judge Lindsay:

      Interpleader-defendant JPMorgan Chase Bank, N.A. ("Chase") submits this letter in opposition to the letter cross-motion of interpleader-defendant Max Kahan, Inc. ("Kahan") (i) for the costs and fees of opposing Chase's motion for a  protective order precluding or limiting the depositions of three witnesses, Theresa Kirk, Ann Cullen and Cheryl Cimperman; and (ii) to compel those depositions.  Kahan Letter dated February 24, 2011 ("Kahan Mot.").  Kahan's motion for costs and fees should be denied because, as is explained in Chase's motion for a protective order and below, Chase's motion is well founded and should be granted.  Kahan's motion to compel, which is grossly misleading as to the record evidence, should be denied because the law is clear that it is not entitled to any discovery on its unpleaded fraud theory, and because Kahan fails to show that these witnesses have any relevant non-duplicative evidence on other matters.  Furthermore, to the extent that the court sees fit to award fees and costs, those should be awarded to Chase, based on Kahan's distortions of the record and its unfounded bases for demanding these depositions.

      First, although Kahan now claims to the Court that it needs the depositions to support theories other than fraud, Kahan Mot. at 1, Kahan does not dispute that at a meet and confer with counsel prior to Chase filing its motion, Kahan's stated reason for needing the testimony was that it would reveal Chase's complicity in the fraudulent wire transfers and an ensuing cover-up of that fraud which involved casting blame on Kahan.  Kahan does not dispute that it asserted no such claim of fraud in its pleadings.  Nor does it dispute that such a fraud claim *is* required to be pleaded, and to be pleaded with particularity.  Based on Kahan's stated reasons for seeking the testimony during the meet and confer, and its utter failure to allege its fraud theory and give Chase the particularized notice to which it is entitled, Chase's motion was, and is, well founded.

      Second, Kahan's claim that it *did* allege fraud because it alleged that "it received the funds without notice that the funds were procured by fraud i.e. -- the fraud of Chase and /or the

Hon. Arlene R. Lindsay
February 25, 2011
Page 2

fraud of the purported imposter," Kahan Mot. at 2, is nonsense. Kahan's pleadings did not refer to <u>any</u> alleged fraud of Chase and thus gave no notice whatsoever that Chase's alleged fraud was in issue. <u>See</u> Kahan Mot., Ex. A. at 6.[1] And, in all events, a fraud claim must both (i) be pleaded with particularity under Fed. R. Civ. P. 9(b) and (ii) allege facts demonstrating a strong inference of fraudulent intent. <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 290 (2d Cir. 2006). Kahan's pleadings did neither, and it may not now proceed by stealth to fish for evidence on a fraud theory that it did not allege.

Third, Kahan's after-the-fact attempt to justify its fishing expedition by claiming that the testimony is relevant to "unclean hands" or "other culpable conduct," Kahan Mot. at 1, is unavailing under controlling Second Circuit precedent. Rule 9(b) applies even where fraud is not a legal element of the claim, if the claim is nevertheless premised on allegations of fraud. <u>See, e.g.</u>, <u>Rombach v. Chang</u>, 355 F.3d 164, 170-71 (2d Cir. 2004) (Rule 9(b) applies to "'all averments of fraud,'" and thus "is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action") (collecting cases). Here, Kahan concedes that it is looking for evidence that Chase committed fraud, specifically evidence to support its theory -- not alleged at all, let alone with the requisite particularity -- that "Chase knew the transfers were genuine," but concocted a fraudulent scheme to use Kahan as a "fall guy." Kahan motion at 2-3. Because Kahan's purported claims, whether denominated fraud or not, are based on fraud, it was required to plead fraud under Rule 9(b). Where, as here, it did not do so, it is not entitled to discovery to support such a claim. Moreover, Kahan's argument that it is entitled to attorneys' fees on based on its speculative "belie[f]" that Chase moved for a protective order in order to require Kahan to "show its hand," Kahan Mot. at 3, is frivolous, and indeed is itself grounds for an award of fees to Chase: where, as here, Kahan seeks to prove fraud, it was <u>required</u> to "show its hand" in its pleading.

Fourth, Kahan's claim that Chase's "fraudulent conduct" came to light through documents Chase produced, Kahan Mot. at 2-3, is, as is clear from the documents upon which Kahan relies, complete nonsense. The emails upon which Kahan relies show nothing more than Chase's attempts to determine what happened in the immediate aftermath of the discovery of the fraudulent wires, including whether its customer actually wired the funds or not. Even if Kahan were to quote each and every one of these emails verbatim in a pleading, it could not satisfy Rule 9(b)'s particularity requirement or allege facts showing a strong inference of fraudulent intent. Nor may Kahan proceed with discovery on the theory that <u>if</u> it obtains evidence of fraud, it will amend its complaint at some future date. Kahan Mot. at 3.[2] And in all events, the time for amendment expired on January 10, 2011. <u>See</u> <u>Scheduling Order</u>, Dkt. No. 42.

---

[1] The fraud alleged in the pleadings to which Kahan was responding was the imposter's fraud, not Chase's.

[2] Kahan's reliance on <u>Gursky v. Northwestern Mutual Life Ins. Co.</u>, 139 F.R.D. 279, 283 (E.D.N.Y. 1991) is misplaced. In that case, plaintiff sought to amend to add a fraud claim based on evidence that had already been adduced as part of legitimate discovery on the defendant's rescission counterclaim. Nothing in <u>Gursky</u> stands for the proposition that a party may take discovery for the sole purpose of determining whether it has a fraud claim and then amend later if it determines it does.

Hon. Arlene R. Lindsay
February 25, 2011
Page 3

      Fifth, Kahan deliberately omits critical facts from its discussion of the record which wholly put the lie to its baseless and fantastical theory that (i) the customer, and not an imposter, withdrew the funds; and (ii) that Chase knew this to be the case but tried to conceal it by cooking up a claim against Kahan.  Kahan Mot. at 3.  It is true, as Kahan points out, that the bankers who processed the wires believed the imposter was in fact the customer, Kahan Mot. at 2, based on apparently authentic identification he presented.  They would not have processed the wires otherwise.  Nevertheless, Julia Fan, the customer's personal banker, testified at her deposition that when she was later shown bank surveillance photos of the imposter, she knew immediately that the imposter was not the customer.  She further testified that when she examined the photo identification presented by the imposter, she knew the person depicted on the identification was not the customer.[3]  There is no evidence to contradict that the person who directed the wire transfers was not the customer. Furthermore, the customer's bank account statement for May – June 2010, which has been produced to Kahan, reflects that Chase reimbursed the customer in full during that period, something it obviously would not have done if it knew or had concluded that the customer himself had transferred the funds.

      Finally, while Kahan has now disingenuously changed its theory of the relevance of the depositions to include Chase's alleged negligence, Kahan Mot. at 1, nothing in its motion remotely suggests that these witnesses have any evidence on that subject, let alone non-cumulative evidence.  Kahan has taken the testimony of the three bankers involved in the wire transfers and of Julia Fan, who discovered the fraud.  Kahan has also been given Chase's procedures for initiating and approving wire transfers and examined the witnesses on whether they complied with those procedures.  Kahan has also been given documents reflecting Chase's investigation.  Kahan has no basis at all to believe that the three witnesses it now seeks to depose, who were, as Kahan acknowledges, not involved in the transactions, have any evidence at all on the subject of Chase's alleged negligence, let alone non-duplicative evidence.  Kahan's attempt to depose three additional witnesses with no demonstrated knowledge on negligence, particularly where two are out of state and one cannot fly, is both an improper fishing expedition and an attempt to annoy, harass and unduly burden Chase and its employees.

      For these reasons, Kahan's cross-motion should be denied in all respects.

                                       Respectfully submitted,

                                       Andrea Likwornik Weiss

cc: Sheldon Eisenberger, Esq (by ECF)

---

[3] The final transcript of Ms. Fan's testimony, taken yesterday, is not yet available.  The representations in the text regarding her testimony are based on the rough transcript, which I have reviewed and will provide to the Court should the Court request it.