UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
TD BANK, N.A.,

        Plaintiff,

    -against-                                **ORDER**
                                                  CV 10-2843 (JG)(ARL)

JP MORGAN CHASE BANK, N.A. and
MAX KAHAN, INC.,

        Defendants.
--------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is defendant JP Morgan Chase Bank, N.A.'s ("Chase") letter application dated February 22, 2011, seeking a protective order with respect to three depositions of Chase employees (the "proposed deponents") noticed by defendant Max Kahan Inc. ("Kahan"). In the alternative, Chase requests that the court limit the number of depositions to the deposition of the New York witness, grant leave to depose the remaining two Ohio witnesses only if Kahan can show that their testimony would not be cumulative or unduly burdensome, and require that any deposition of Ohio witnesses be taken in Ohio or by telephone. Kahan opposes the motion and cross moves to compel the depositions of the proposed deponents and seeks an award of attorneys' fees and costs for having to oppose Chase's motion. The undersigned considers only that portion of Chase's letter response dated February 25, 2011 which addresses Kahan's cross motion. *See* Local Civil Rule 37.3(c). Kahan's letter request dated February 28, 2011 to submit a reply is denied.

      Chase's motion is denied in part and granted in part, and Kahan's cross motion is granted, in part. Although Chase correctly argues that Kahan has not properly pled a claim in fraud, a review of the pleadings indicates that the information sought is relevant to Kahan's defenses. In his Answer With Cross Claim dated August 10, 2010 and in his Answer to Chase's Claim to Interpleaded Funds, and Cross-Claims dated October 28, 2010, Kahan asserts that Chase's cross claims are barred by the doctrine of unclean hands and culpable conduct; that the injuries claimed by Chase were caused by the negligence or gross negligence of Chase and/or third parties; and that Kahan received the funds in good faith without notice that the funds were procured by fraud. The documents produced by Chase in discovery, viz. the e-mails dated September 25, 2009, September 29, 2009 and October 20, 2009, suggest that the proposed deponents have independent information bearing on the issues at hand. Chase's motion seeking to preclude the noticed depositions is denied. Chase's motion seeking to limit the forum for the proposed depositions is granted to the following extent. Kahan has the option of either traveling to Ohio, conducting the depositions by telephone or other electronic means, or paying the reasonable expenses for the witnesses to appear in New York for a deposition. Kahan's motion for an award of attorney's fees and costs is denied.

Dated: Central Islip, New York                      **SO ORDERED**
      March 3, 2011

                                                                 _____/s/_____
                                                                  ARLENE R. LINDSAY
                                                                  United States Magistrate Judge