UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
TD BANK, N.A.,

          Plaintiff,

          -against-

JP MORGAN CHASE BANK, N.A. and
MAX KAHAN, INC.,

          Defendants.
--------------------------------------------------X

**ORDER**
CV 10-2843 (JG)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court is defendant Max Kahan, Inc.'s ("Kahan") letter application dated March 14, 2011, seeking an order for an *in camera* inspection by the court of documents withheld as privileged and/ or redacted by defendant JP Morgan Chase Bank, N.A. ("Chase"). In addition, Kahan moves to compel Chase to produce the following documents: (i) surveillance videotapes; (ii) audio recordings; (iii) original documents used to open Yao's account, including the power of attorney form; (iv) translations of documents produced in Chinese; and (v) "Frank's" bank records. Chase opposes the application by letter dated March 17, 2011. Kahan's back door reply letter dated March 18, 2011 will not be considered. *See* Local Civil Rule 37.3(c).

      Defendant Kahan's application for an *in camera* inspection by the court of defendant Chase's privilege log is denied at this time. The court does not accept Kahan's invitation to conduct an *in camera* review of "thousands" of documents without Kahan having specified with any particularity the basis for its request. Prior to seeking judicial intervention, Kahan must meet and confer with Chase concerning the privilege log and then identify those specific items which remain subject to challenge. As to those remaining items, Kahan must provide the specific basis for its request by item number.

      With respect to Kahan's motion to compel production of surveillance videotapes, Chase maintains that the videotapes were reused in the ordinary course of business. However, Chase produced still photographs captured by that video. Despite Kahan's claim to the contrary, a review of the photographs indicates that the pictures are clear and as such sufficient for Kahan's intended use. With regard to the production of all audiotape communications between Chase employee Julia Fan and Yao and Yang dating back to 2006, defendant Chase is presently directed to produce only the audio recordings for September 23, 2009 and September 24, 2009 given the burdensome nature of the request. The parties may confer and agree on other dates for production. With respect to Kahan's request to view the original account opening documents, Chase has advised that the originals of such documents are routinely destroyed once scanned, but should Chase locate the original documents it will make them available for inspection. Chase has agreed to make available for inspection the original power of attorney form signed two years after Yao's account was opened, along with certain tax forms, and Chase is therefore directed to make such documents available at a mutually convenient time. Kahan's request for the English translation of the documents in Chase's files is denied. Chase has represented that it has one translation of a Chinese document that was made prior to October 31, 2009 informally by a Chase employee at the specific request of Chase in-house counsel advising Chase, and accordingly that document is protected by work product privilege. Finally, Kahan's motion to

compel Chase to produce the bank records reflecting transactions between Yao and/or Yang with Kahan's customer Liang Yue Hang (a/k/a "Frank") who introduced Kahan to Golden On Star is denied as overbroad. Any such application must be tailored to the time period claimed for the purported transaction.

Defendant Kahan's application for an extension of the discovery deadline to April 29, 2011 is granted on consent. All discovery, inclusive of expert discovery, is to be completed by April 29, 2011. Any party planning on making a dispositive motion shall take the first step in the motion process by May 16, 2011. The final conference scheduled for May 3, 2011, is adjourned to May 31, 2011 at 11:30 a.m. The parties are directed to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules prior to the conference.

Dated: Central Islip, New York  **SO ORDERED**
      April 1, 2011

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge