THE LAW OFFICE OF SHELDON EISENBERGER
ATTORNEYS AT LAW
30 BROAD STREET
NEW YORK, NEW YORK 10004

(212) 422-3843

FAX: (212) 422-3844

April 4, 2011

<u>Via ECF</u>

The Honorable Arlene R. Lindsay  
United States Magistrate Judge     ORAL ARGUMENT REQUESTED  
Long Island Federal Courthouse  
814 Federal Plaza  
Central Islip, New York 11722

      Re:    <u>TD Bank, N.A. v. JP Morgan Chase Bank, N.A., et al.</u>  
              <u>E.D.N.Y. Case No. 10-CV-2843 (JG) (ARL)</u>

Dear Magistrate Judge Lindsay:

      We represent interpleader defendant Max Kahan, Inc. ("Kahan") in the above referenced action. We write in opposition to the motion of interpleader defendant JP Morgan Chase Bank, N.A. ("Chase") to compel Kahan to: (1) produce David Gluck for a deposition; and (2) produce a blank form that, when completed, contains information identifying Kahan's customers (the "Kahan Form"). As fully set forth below, Mr. Gluck was not involved in any of the transactions at issue in this litigation and has no relevant information to provide. By seeking his deposition, Chase is conducting a fishing expedition which is merely designed to harass Kahan. In addition, the Kahan Form that Chase seeks was not completed by any entity associated with the transactions at issue in this litigation; the Kahan Form is completely extraneous and its production is not warranted.

      The instant motion to compel is nothing more than an attempt by Chase to sidestep the fact that Chase's questions regarding Kahan's actions for verifying the identities of Golden On Star and the individual who introduced Golden On Star to Kahan (<u>i.e.</u> an individual known to Kahan as Frank), were asked in connection with Kahan's compliance with the U.S. Patriot Act (the "Patriot Act"). However, the Patriot Act has nothing to do with the underlying issue as to whether Kahan was a bona fide seller for value. Harold Weinstein ("Weinstein"), Kahan's Vice President, testified as to the steps that were required by Kahan prior to conducting business with a new international client such as Golden On Star and testified as to what steps Kahan took with respect to the transactions at issue in this case. Specifically, Weinstein testified that Kahan relied on the reference of its longstanding customer, Frank, regarding Golden On Star.[1]

---

[1] Notably, Julia Fan, the relationship manager who opened and maintained the Chase account of Xiuqing Yao ("Yao") from which the purported fraudulent transfers occurred, testified that when she opened Yao's account, she

{00017247.DOC}

THE LAW OFFICE OF SHELDON EISENBERGER

Weinstein dep. at 87; the relevant pages of the Weinstein deposition cited in this letter are annexed hereto as Ex. A. Weinstein further testified that Kahan additionally required and received two letters on Golden On Star's letterhead which letters authorized the transactions and authorized Frank to act on the company's behalf. Ex. A at 90-91 and 101. And Kahan required and received wire transfers from Golden On Star's account at HSBC Bank, N.A. further directing that Frank act on the company's behalf. Ex. A. at 101 and 121.

I.   The Deposition of David Gluck Is Not Warranted

Chase states incorrectly that Gluck's testimony is relevant to the issue of whether Kahan received the funds in good faith without notice that they were procured by fraud. To the contrary, Weinstein's testimony clearly establishes that Gluck was not involved in any of the transactions at issue in this case and that he only spoke to Gluck about the transactions <u>after</u> they had occurred. Ex. A at 16 and 172. While Chase states that it seeks to question Gluck on the documentation Kahan received and did not receive from Golden On Star and/or Frank and his related entities, Kahan has already produced all relevant documents contained in its files relating to these entities. Gluck has nothing to add. See Declaration of Mr. Gluck, a copy of which is annexed hereto as Exhibit C.

Simply put, Gluck has no personal knowledge or information relating to any claim or defense in this action. Chase had ample opportunity to obtain any of the requested information from Weinstein, and it did in fact obtain such information.[2] No further deposition is justified.

II.   The Kahan Form Has No Relevance To This Action

In addition, despite Chase's claim to the contrary, there is no significance to a blank form contained in Kahan's files that was not completed by any entity related to this action. Chase incorrectly attempts to attribute the lack of a completed form by Golden On Star and Kahan's longstanding customer, Frank, and his related entities, as somehow relevant to whether Kahan was on "inquiry notice of the fraudulent nature of the transaction and whether it turned a blind eye to facts that would have put it on notice."[3] Chase is mistaken. Chase has received all invoices of every transaction Kahan conducted with Frank and his related companies and all documentation surrounding the underlying transactions that are the subject of this lawsuit.

Weinstein testified that the Kahan Form was not required to be completed by new, international customers. Ex. A at 65. All that was required was letterhead with the company name. Id. Weinstein further testified that most international companies are referred to Kahan by an existing customer of Kahan. Ex. A at 66. Accordingly, Golden On Star, which was referred to Kahan by its longstanding customer Frank, was not expected to complete the Kahan Form.

---

had not met Yao and relied on a reference from an existing client, Wenru Yang. Fan dep. at 62-63; the relevant pages of the Fan deposition are annexed hereto as Exhibit B.

[2] As Chase is aware, the number of depositions conducted by each party is not important; rather, what is important is whether the proposed deponent has information relevant to the claims and defenses in the action.

[3] The case cited by Chase for the proposition of "inquiry notice", *Chen v. Geranium Development Corp.*, 243 A.D.2d 708, 709 (2d Dept. 1997), is inapposite since it relates to the New York Recording Act (Real Property Law § 290 *et seq.*), *inter alia*, and discusses good faith purchasers for value of real property.

THE LAW OFFICE OF SHELDON EISENBERGER

Chase's request to see what information it would have sought from Golden On Star had its procedures required a completed form is hypothetical and speculative at best.

Furthermore, Weinstein testified that Kahan had done business with Frank and his related companies, including Fuly Jewelry, Marlbo and M.B.O. since 1994. Ex. A at 87-89. At the time Kahan established its anti-money laundering ("AML") program in 2005 and prepared the Kahan Form, Kahan had been conducting business with Frank and his companies on at least a weekly basis for over nine years Ex. A at 191. Although Kahan forwarded the Kahan Form as part of a mass mailing to its existing customers, the Kahan Form was not directed to such existing clients, but was rather targeted to new customers and customers with which Kahan did not have a longstanding relationship. Kahan did not require that existing customers return the Kahan Form. Ex A. at 203-216. Therefore, since no Kahan Form was completed in connection with this matter, the information that Kahan collects regarding customers unrelated to this action has no bearing on the claims or defenses in this case and need not be produced.

The sole purpose of the Kahan Form was specifically designed for Kahan's AML program. Gluck's testimony and the blank form have nothing to do with substantiating that Kahan in any way "turned a blind eye." In fact, HSBC Bank, N.A. (the bank from which the Golden On Star funds were transferred to Kahan) has confirmed that the Golden On Star account is owned by Yao. Chase is aware of this fact. Therefore, no matter what Gluck knows or does not know regarding documentation of Golden On Star and/or Frank, it will not change the fact that any further inquiry by Kahan as to the ownership of Golden On Star would have resulted in its confirmation that Yao owned the company.

### III. Conclusion

For the foregoing reasons, Kahan respectfully requests that Chase's motion to compel be denied in its entirety.

Respectfully submitted,

/s/ Sheldon Eisenberger

Sheldon Eisenberger (SE 2021)

cc: Andrea Likwornik Weiss (via ECF)