# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

April 7, 2011

VIA ECF
The Honorable Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

Re: *TD Bank, N.A. v. JP Morgan Chase Bank, N.A., et al., 10 Civ. 2843 (JG) (ARL)*

Dear Judge Lindsay:

JPMorgan Chase Bank, N.A. ("Chase") submits this letter in opposition to the motion of Max Kahan, Inc. ("Kahan") to re-depose Chase employee Theresa Kirk (the "witness") about all privileged communications with her counsel during recesses of her deposition, and to compel production of a privileged note that also was written during a break in the deposition. ("Ltr.") Kahan's motion should be denied because: (i) Kahan's counsel, Sheldon Eisenberger, *specifically consented on the record* to consultations with counsel except when a question was pending; and (ii) Mr. Eisenberger also consulted with his client during a prior deposition that he defended, thereby confirming that the parties have been proceeding on the understanding that such consultations are not improper unless a question is pending. Kahan should not be heard to complain after the fact in these circumstances. Furthermore, examination of the entire Kirk transcript (Ex. A hereto) shows that disclosure of privileged communications is not warranted.

Kahan argues that it is entitled to disclosure of all privileged communications between the witness and her counsel based on one instance when the witness sought a break to confer with counsel. See Ltr. 2; Transcript, Ex. A, 26-27. Kahan's motion should be denied because Mr. Eisenberger consented to the consultation. While a question was pending, the witness asked, "Can we take a minute?" Ex. A, 26:10. Mr. Eisenberger responded as follows:

> MR. EISENBERGER: No. *You have to answer my question first and then you can consult with your attorney any time.*

Id., 26:11-13 (emphasis added). The witness answered the question, after which there was a recess. Id., 26:14-23. Kahan's after-the-fact attempt to ascertain -- both at the deposition and through this motion -- the content of privileged communications to which Mr. Eisenberger consented in advance, is entirely disingenuous. The Court should not permit counsel to set and benefit from such a trap.

Hon. Arlene R. Lindsay
April 7, 2011
Page 2

Furthermore, although Kahan now claims that counsel cannot consult with the witness except to discuss a privilege issue, Ltr. 2-3, Mr. Eisenberger himself consulted with his client, Harold Weinstein, *during* a deposition (not during a recess) despite no privilege issue having been raised. This consultation occurred during questioning of Weinstein on the key issue of Kahan's alleged good faith, specifically, whether Weinstein had taken any steps to verify whether "Golden On Star Limited" was a legitimate company. See Ex. B, 134-138. I noted the consultation on the record, and Mr. Eisenberger did not dispute it:

> MS. WEISS: The record should reflect that counsel is conferring with his client.

Id., 134:23-25. Shortly after that consultation, Weinstein added facts relevant to Kahan's good faith defense that he had omitted during prior questioning.[1] It is thus apparent from Mr. Eisenberger's own conduct that, at least when it suits his purposes, he operates on the theory that consultations are proper as long as no question is pending.

Finally, Kahan's claim that counsel improperly advised the witness to falsely assert "memory failure" regarding an email she wrote stating, among other things, that it appeared that Yao had authorized the transfers from his accounts, Ltr. 2, is belied by the transcript. Kirk explained before the recess that her email was based on notes she saw in Chase's "PEGA" system. Ex. A, 24:9-16. She testified *before* the recess that she did not recall the specifics of those notes, other than that they said that Yao had been "scammed," and that she could not recall how he had been scammed. Ex. A, 24:9-25:8. She was asked substantially the same questions after the recess, and maintained that she could not recall. Ex. A, 26:24-27:3; 27:7-28:16.

Kahan also demands a subsequent note between counsel and the witness, which was written after the reporter called a break in the proceedings to change paper and at a time when there was no question pending. Ex. A, 31:14-22. The note asked two questions, the witness responded by shaking her head, and the note gave legal advice based on her answer. Although the note was in writing, it is analytically no different from the oral consultations that *both* counsel engaged in previously when no question was pending. For the same reasons explained above, there is no basis for disclosure of this privileged communication.

Kahan cites no controlling authority that conferences between a deponent and her counsel that occur when no question is pending or during a recess, are not protected communications. Instead, Kahan relies on non-binding decisions of other district courts, which rely on the often-criticized decision of the Eastern District of Pennsylvania in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993), or which are distinguishable.[2]

---

[1] Weinstein added that when "Frank" first met with him about Golden On Star Limited, he brought the alleged "cousin" of the owner of that company with him, Ex. B, 137:20-138:23, a fact he had previously omitted. Ex. C, 86:15-91:23.

[2] See Ngai v. Old Navy, No. 07-5653, 2009 WL 2391282, at *4-5 (D.N.J. July 31, 2009) (relying on Hall, court ordered production of five text messages between witness and her counsel during deposition where communications were "surreptitious" and in some cases "intended to influence the fact finding goal of the deposition process"); Chassen v. Fid. Nat'l Title Ins. Co., No. 09-291, 2010 WL 5865977, at *1-2 (D.N.J. July 21, 2010) (relying on local court rule and Hall -- a case that "is not universally followed in all jurisdictions" -- court allowed limited re-deposition of witness regarding communications with counsel during one break where counsel admitted he disclosed

Hon. Arlene R. Lindsay
April 7, 2011
Page 3

Consistent with the realities of deposition practice and the "ground rules" in effect in this action, other courts have rejected the draconian holding of Hall that "any conference counsel may have with the deponent during a deposition waives the claim of privilege as to the communications between client and counsel during any conference or other break in the deposition." In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 622 (D. Nev. 1998); see also Odone v. Croda Int'l PLC, 170 F.R.D. 66, 69 (D.D.C. 1997) ("[t]he court is not persuaded by the footnote in Hall that suggests that the attorney-client privilege is waived" as a result of a conference during a recess in deposition); McKinley Infuser, Inc. v. Zdeb, 200 F.R.D. 648, 650 (D. Colo. 2001) ("[t]he Hall case has met with substantial, and I believe justified, criticism").

Instead, the courts rejecting the extreme approach of Hall and its progeny adopted a balanced approach concerning attorney-client communications during depositions: Although deponents are "prohibited from conferring with their counsel while a question is pending; other consultations, during periodic deposition breaks . . . ordinarily are appropriate." McKinley, supra, 200 F.R.D. at 650; accord In re Stratosphere, supra, 182 F.R.D. at 621-22 ("[s]o long as attorneys do not demand a break in the questions, or demand a conference between questions and answers," conferences will be allowed and interrogating counsel may not "invade the privileged communications between counsel and his client"); State v. King, 520 S.E.2d 875, 882 (W. Va. 1999) ("the approach taken in Stratosphere is the more logical and fair approach [and] [a]n attorney should be able to ensure that his or her client did not misunderstand or misinterpret a question or a document"); Odone, supra, 170 F.R.D. at 68-69 (declining to follow Hall and rejecting motion "to redepose [a party] regarding the content of his discussion with his attorney" because the court "cannot penalize an attorney for utilizing a five-minute recess that he did not request to learn whether his client misunderstood or misinterpreted the questions. . . .").

For all of the foregoing reasons, Kahan's motion should be denied.

Respectfully submitted,

/s/ Andrea Likwornik Weiss
Andrea Likwornik Weiss

cc: Sheldon Eisenberger, Esq. (by ECF)

---

his mental impressions and opinions about the testimony); Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 204-05 (W.D.N.Y. 2005) (court sanctioned deponent's counsel for substantial, willful and repeated violations of "deposition guidelines" made applicable by order entered in action, including improper directions not to answer and suggestive objections; case did not involve alleged improper conferences between witness and counsel or waiver of privilege); Morales v. Zondo, Inc., 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (court sanctioned deponent's counsel for "serious[] . . . disruptions" of deposition, including "detailed objections, private consultations with the witness, instructions not to answer, instructions how to answer, colloquies, interruptions and ad hominem attacks"); Am. Fun & Toy Creators, Inc. v. Gemmy Indus., Inc., No. 96CIV0799, 1997 WL 482518, at *9, 11-12 (S.D.N.Y. Aug. 21, 1997) (holding that "[a]n attorney generally should not consult with his client while a deposition question is pending," but declining to impose sanctions because counsel's conduct, "while at times inappropriate, does not rise to the level of conduct serious enough to merit sanctions").