UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
TD BANK, N.A.,

                Plaintiff,

**ORDER**

        -against-                          CV 10-2843 (JG)(ARL)

JP MORGAN CHASE BANK, N.A. and
MAX KAHAN, INC.,

                Defendants.
--------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is defendant JP Morgan Chase Bank, N.A.'s ("Chase") letter application dated March 30, 2011, seeking to compel defendant Max Kahan, Inc.'s ("Kahan") to (i) produce David Gluck, Kahan's compliance officer, for a deposition and (ii) produce the blank form that Kahan uses to record customer identification information (the "Kahan Form"). Chase asserts that this evidence is relevant to the issue of whether Kahan received the funds in good faith and without notice that the funds were procured by fraud. In addition, Chase seeks attorney's fees and costs for making this application. Kahan opposes the application by letter dated April 4, 2011 and seeks oral argument on its response. Chase's motion is granted, in part and denied, in part.

With respect to Chase's motion to compel Mr. Gluck's deposition, Chase seeks to question Mr. Gluck, Kahan's Compliance Officer, about the documentation Kahan received and/or did not receive from Golden On Star Limited and/or Frank in connection with the transactions that are the subject of this lawsuit. At his deposition, Howard Weinstein, the Kahan officer who allegedly sold the precious metals to Golden On Star Limited, testified that Mr. Gluck was not personally involved in the transactions at issue and had discussed the transactions with Mr. Gluck only after their occurrence. (*Eisenberger Letter*, dated April 4, 2011, Ex. A at 16, 172.) Mr. Gluck confirmed the same in his declaration. (*Id.*, Ex. C at ¶2.) Although Mr. Gluck claims to have no personal knowledge of the transactions in question, as Kahan's Compliance Officer he does have knowledge of the policies and procedures employed in vetting customers and will be able to describe how if at all these procedures were circumvented. Additionally, it appears that Mr. Weinstein conferred with Mr. Gluck about the subject transaction and may be questioned on that subject. Chase's motion to compel Mr. Gluck's deposition is granted. With regard to the production of the blank Kahan Form, Chase seeks to view the usual type of customer identification information Kahan collects for its prospective customers to demonstrate how this practice was circumvented in this case. The form is relevant to this issue and must be produced. Chase's motion to compel the production of the Kahan Form is also granted. Although the court declines to issue sanctions in this instance, the parties are warned that sanctions will be imposed if discovery is improperly refused because a party disagrees with an adversary's defense or theory of the case. This court does not require oral argument on this application.

Also before the Court is Kahan's cross-motion dated April 4, 2011, to compel Chase to (i) produce a written communication between Theresa Kirk and her counsel, Andrea Weiss, during Ms. Kirk's deposition and (ii) to recall Ms. Kirk to testify as to her verbal

communications with counsel during the breaks at her deposition.  Kahan requests oral argument on its application.  Chase opposes the application by letter dated April 7, 2011, arguing that the motion should be denied because the parties consented to consultations with counsel except when a question was pending and therefore the communications, which were made at a time when there was no question pending, were privileged.  The court agrees.  A review of the transcript indicates that while a question was pending, Ms. Kirk asked, "Can we take a minute?" (*Weiss Letter*, dated April 7, 2011, Ex. A at 26-27.)  Mr. Eisenberger answered, "No.  You have to answer my question first and then you can consult with your attorney at any time."  (*Id*.)  Ms. Kirk answered the question and then there was a short recess.  (*Id*.)  Kahan's claim that Ms. Kirk's testimony following the break "strongly suggests that counsel's off the record discussions with the witness affected the witnesses' testimony and triggered memory failure" is not borne out by the transcript.  Finally, with respect to the note between counsel and Ms. Kirk, a review of the transcript indicates that the note was written after the court reporter requested a break to change paper and there was no question pending.  Accordingly, Kahan's motion to compel these communications and recall Ms. Kirk for a continued deposition regarding these communications is denied.  See Fed. R. Civ. P. 30(c).   The court does not require oral argument on this application.


Dated: Central Islip, New York                              **SO ORDERED**
        April 12, 2011

                                                            _____/s/_____
                                                            ARLENE R. LINDSAY
                                                            United States Magistrate Judge