THE LAW OFFICE OF SHELDON EISENBERGER
ATTORNEYS AT LAW
30 BROAD STREET
NEW YORK, NEW YORK 10004

(212) 422-3843

FAX: (212) 422-3844

April 18, 2011

Via ECF

The Honorable Arlene R. Lindsay
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

    Re:   *TD Bank, N.A. v. JP Morgan Chase Bank, N.A. and Max Kahan, Inc.*
            E.D.N.Y. Case No. 10-CV-2843 (JG) (ARL)

Dear Magistrate Judge Lindsay:

    We represent interpleader defendant Max Kahan, Inc. ("Kahan") in the above referenced action. We write to Your Honor to request a sixty (60) day extension of the discovery deadline, from April 29, 2011 to June 28, 2011, because, despite diligent efforts on Kahan's part, discovery has not been completed.[1] We have contacted counsel for JP Morgan Chase Bank, N.A. ("Chase") regarding our request and they do not consent.

    As the Court is aware, based on recent evidence uncovered by Kahan during pretrial discovery, Kahan has made a motion for leave to amend its Answer to Chase's Cross-Claims to add, among other things, (i) an affirmative defense that the funds at issue were not stolen, (ii) Chun Xaio Fan a/k/a Julia Fan, Chase's Vice President and "relationship manager," as a cross-claim defendant, and (iii) a cross-claim against Chase and Ms. Fan, both individually and as an employee of Chase, for conversion. The motion is scheduled for oral argument on May 13, 2011. As stated in the motion papers, the filing of the proposed amended pleading will not require any significant additional discovery by Kahan. However, some minor supplemental discovery will likely be necessary requiring a brief extension to the discovery deadline.

    In addition, apart from the pending motion, Chase's less than forthcoming production of documents to date necessitates this request. There are currently outstanding letter requests for documents dated March 7, 2011,[2] March 24, 2011 and April 7, 2011. Each of these letters sought documents based on the recent deposition testimony of Chase personnel. Chase's counsel

---

[1] The discovery deadline, which was originally scheduled for March 30, 2011, was extended to April 29, 2011, on consent, pursuant to this Court's April 1, 2011 order.
[2] Although the letter was sent via e-mail and first class mail on May 7, 2011, Chase contends that it did not receive it until March 21, 2011, when an additional copy was forwarded to Chase upon its request.

{00018928.DOC}

THE LAW OFFICE OF SHELDON EISENBERGER

has advised that they are treating each letter as a document demand and will respond within the thirty (30) days allotted under the Federal Rules of Civil Procedure. Without an extension, Kahan will receive the responses after the current discovery deadline and will be unable to follow up on the responses received. Responses are similarly outstanding to a letter request dated March 31, 2011 and to Kahan's Second Set of Interrogatories dated April 7, 2011.

Chase has been making its production of documents on a rolling basis beginning on December 22, 2010 and continuing thereafter. We most recently received supplemental productions on April 5, 2011, April 13, 2011 and April 15, 2011. In addition, despite Kahan's demand in its First Request for Production of Documents dated November 9, 2010 for all relevant audio-tape recordings, we did not receive any audio-tape recordings until March 15, 2011, with supplemental audio-tapes being produced on March 31, 2011 and April 7, 2011. These recordings reflect telephone conversations, relating to the purported fraudulent transfers, between Ms. Fan and others, including with (i) Xiuqing Yao, Chase's customer (ii) Wenru Yang, the power of attorney on Mr. Yao's account, and (iii) various investigators. All of these recent documents and audio submissions must be reviewed and analyzed (also, some of the audio is in Chinese and must be translated). In addition, Kahan had requested additional audio-tapes of conversations between Ms. Fan and others, the receipt of which has not been resolved. Chase should not been rewarded for failing to timely fulfill its discovery obligations, and it should not be permitted to hide behind a discovery deadline to avoid providing Kahan with the additional documentation and information to which it is entitled.

Furthermore, Kahan has requested to take the deposition via video conferencing of Vicky Lau, a Chase investigator in Hong Kong, whose testimony is critical to Chase's underlying premise that the funds were improperly transferred from its customer's account at Chase to an account at HSBC Bank, N.A., Hong Kong. However, to date, the parties have been unable to schedule that deposition. Moreover, the continuation of the deposition of Ms. Fan which was necessitated by the recent production of relevant documents and audio-tapes that were not available when she was first deposed, has not yet taken place.

Finally, there remains a dispute with Chase regarding documents it has withheld as privileged, which Kahan raised with the Court in its application dated March 14, 2011. Pursuant to Your Honor's order dated April 1, 2001, the parties were instructed to further meet and confer concerning the privilege log and then identify those specific items which remain subject to challenge. Despite Kahan's efforts to schedule such a meeting, it has not yet taken place. Once the meeting takes place, Kahan anticipates it will need to further apply to the Court for assistance regarding the documents that remain in dispute.

Kahan is confident that an additional sixty (60) days will provide it with sufficient time to complete discovery in this action, and respectfully requests that the Court grant the extension.

Respectfully submitted,

*Sheldon Eisenberger*
Sheldon Eisenberger (SE 2020)

cc: Andrea Likwornik Weiss (Via ECF)