THE LAW OFFICE OF SHELDON EISENBERGER
ATTORNEYS AT LAW
30 BROAD STREET
NEW YORK, NEW YORK 10004

(212) 422-3843

FAX: (212) 422-3844

May 25, 2011

Via ECF
The Honorable Arlene R. Lindsay      ORAL ARGUMENT REQUESTED
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re:   *TD Bank, N.A. v. JP Morgan Chase Bank, N.A. and Max Kahan, Inc.*
      U.S. Dist. Ct., E.D.N.Y. Case No. 10-CV-2843 (JG) (ARL)

Dear Magistrate Judge Lindsay:

We represent defendant Max Kahan, Inc. ("Kahan") in the above referenced action. In furtherance of this Court's April 1, 2011 order, we respectfully submit this motion seeking (i) an *in camera* inspection of specific documents improperly withheld by defendant JP Morgan Chase Bank, N.A. ("Chase") as privileged and/or improperly redacted, and (ii) an order pursuant to Fed. R. Civ. Pro. 37 compelling the production of the documents improperly withheld. All of the documents relate to Chase's internal investigation conducted during October 2009 in connection with the purported fraudulent transfers which are the subject of this action. We have conferred with counsel concerning the privilege log and specifically itemize the documents which remain subject to challenge. As explained below, no privilege attaches to the documents which are the subject of this motion.[1] Therefore, they should be produced and/or unredacted.

I.   **The Facts**

As the Court is aware, this action arises from the purportedly fraudulent transfers of funds from an account of Chase's customer, Xuiqing Yao ("Yao") to an account at HSBC Bank, in Hong Kong held in the name of Golden On Star Limited. The funds were then transferred from the Golden On Star Limited account to Kahan in exchange for gold and platinum.

As is pertinent to this motion, the affirmative defenses and cross-claims allege:
- That the funds were not stolen (See Kahan's amended answer, ¶53, a copy of which is annexed hereto as Ex. A)
- That the transfers were conducted by, or authorized by, Yao (See Ex. A. ¶61)

After the purported fraudulent transfers were uncovered by Chase, Chase investigators, including those from the Global Security and Investigation section, conducted an internal

---
[1] The documents are highly relevant to the issues framed in Kahan's affirmative defenses and cross-claims and no relevance objection has been asserted by Chase.

{00019147.DOC}

investigation regarding the transfers. These initial investigations were attempts by Chase to determine whether the funds were improperly transferred, attempts to retrieve the funds from the HSBC account, and attempts to determine whether the customer should be refunded the funds. Throughout October 2009, there was no indication that litigation was contemplated. In fact, testimony of the investigators suggests that as soon as litigation was a possibility, the investigators handed the matter over to outside counsel. Accordingly, Chase's efforts to withhold documents prepared by or for the investigators are improper.

## II. The Instant Motion

### A. Documents Prepared By Or Sent To Investigators Throughout October 2009

The first category of challenged documents is documents prepared by and sent to investigators for Chase throughout October 2009. Chase has withheld these documents, as reflected on its privilege log, on the basis of Attorney/ Client and/or Work Product with a narrative stating they are REDACTED REDACTED The entries in contention are highlighted *in yellow* on Chase's privilege log, a copy of which is annexed hereto as Ex. B.

No privilege should attach to these documents. First, no attorney-client privilege applies, since these are not communications between attorney and client. Second, there is no broad "investigative" privilege and there was no litigation contemplated by Chase in October 2009. However, even if there was litigation anticipated (which there was not) these investigative documents are exempt from the work product doctrine since they would have been prepared in the ordinary course of Chase's business regardless of any contemplated litigation.

The Second Circuit has adopted the "because of" standard for determining whether documents are prepared in anticipation of litigation. United States v. Adlman 134 F.3d 1194 (2d Cir. 1998). "Documents are not protected as work product that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." Id. at 1202. See also University Sports Publications Co., Inc. v. Playmakers Media Co., Civ. No. 09-8206, 2011 WL 1143005 (S.D.N.Y. March 21, 2011) (documents and communications made in connection with an investigation were not protected by the work product doctrine.)

The holding in Welland v. Trainer, Civ. No. 00-0738, 2001 WL 1154666 at * 3 (S.D.N.Y. Oct. 1, 2001) is instructive. In Welland, a company hired an outside investigator after receiving an anonymous letter accusing an employee of unethical practices to look into the allegations in the letter. Although in-house counsel supervised the investigation, the court held that all investigation related documents prepared before the employee was ultimately fired were not work product. The court stated that "it is clear that the investigation of an employee accused of unethical practices would occur in the ordinary course of business to determine whether or not to terminate the employee." Id. at * 2.

Here, as in Welland, Chase initiated its investigation in response to the claim that the funds were fraudulently transferred. Chase would have conducted a comprehensive analysis of all facts surrounding the transfers in its ordinary course of business regardless of whether it had

any intent to pursue litigation.   In fact, Chase's investigator Frank Lorello ("Lorello") testified REDACTED

REDACTED  "  See Lorello Transcript at 182-3, a copy of the relevant pages is annexed hereto as Ex. C.  Thus, Kahan is entitled to this investigative material.

**II.   Documents Between Chase Employees With A Copy Forwarded To In-House Counsel.**

The second category of challenged documents is documents between Chase employees with a copy forwarded to in-house counsel. Chase has withheld these documents, as reflected on its privilege log, on the basis of Attorney/ Client privilege with a narrative stating they are REDACTED
The entries in contention are highlighted *in pink* on Chase's privilege log, See Ex. B.

As stated by the court in U.S. Postal Service v. Phelps Dodge Refining Corp., 852 F.Supp. 156, 160 (E.D.N.Y. 1994):

> [T]he mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged. (citations omitted) The information-holder's motive for the communication, to the extent that it can be discerned from the document, thus is an important consideration. "If the information-holder will communicate with the attorney even if the privilege does not exist, or if a nonlegal objective is sufficient to stimulate communication with the attorney, then there is no reason for the privilege to attach." Sexton, 57 N.Y.U.L.Rev. at 490.

Despite Chase's assertion to the contrary, these documents appear to be communications between investigators and other employees concerning the investigation of the transfers containing factual findings with respect thereto with a mere copy to counsel. A copy to counsel does not warrant a privileged designation.

**III.   Kahan Is Entitled To Costs And Attorneys' Fees**

Fed. R. Civ. Pro. 37 (a)(5)(A) provides for the recovery of the movant's reasonable expenses, including attorneys' fees, if the motion to compel is granted or if the requested disclosure is provided after the motion was filed.  Therefore, if granted, Kahan should be awarded its reasonable expenses and attorneys' fees incurred in connection with this motion.

Respectfully submitted,

*Sheldon Eisenberger*
Sheldon Eisenberger

cc:   Andrea Likwornik Weiss (via ECF)