UNITED STATES DISTRICT COURT        ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                         :

T.D. BANK, N.A.,                           :
                                         :

                 Plaintiff,        :
                                         :     ORDER
       -against-                    :     10-CV-2843 (JG) (ARL)
                                         :

JP MORGAN CHASE BANK, N.A.      :
and MAX KAHAN, INC.,             :
                                         :

               Defendants.     :
---------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

       This action was commenced on June 21, 2010 by plaintiff TD Bank, N.A. ("TD

Bank"), which filed a complaint in interpleader pursuant to 28 U.S.C. § 1335 against defendants

Max Kahan, Inc. ("Kahan") and JPMorgan Chase Bank ("Chase").  TD Bank claimed that it was

in possession of $2,089,000 in which it had no interest, but to which Kahan and Chase asserted

competing claims.  The funds were at that time held by TD Bank in an account in Kahan's name.

They had previously been seized by the United States Secret Service from Kahan's TD Bank

account in connection with a civil forfeiture action that the government eventually abandoned.

Approximately eight months after they had been seized, the disputed funds were returned by the

government to Kahan's TD Bank account, along with $2,357.71 in accumulated interest.  *See TD

Bank, N.A. v. JP Morgan Chase Bank, N.A.*, 10-CV-2843, 2010 WL 4038826, at \*2 (E.D.N.Y.

Oct. 14, 2010).  Shortly thereafter, TD Bank commenced this action.

       A district court is without jurisdiction to hear an interpleader action under § 1335

until "the plaintiff has deposited [the disputed] money . . . into the registry of the court, there to

abide the judgment of the court, or has given bond payable to the clerk of the court in such

amount and within such surety as the court or judge may deem proper[.]" 28 U.S.C. §

1335(a)(2). Accordingly, in its complaint, TD Bank sought leave to deposit the disputed funds

with the Clerk of Court. It also asked to be dismissed from the action and relieved of all liability

relating to the funds once they had been deposited with the Court. On July 23, 2010, TD Bank

filed a proposed order permitting it to "deposit the funds at issue in this interpleader action

($2,089,000.00) in the registry of the Court." (Motion to Deposit Funds, July 23, 2010, ECF No.

18.) Neither § 1335 nor the proposed order specified that the funds should be placed in an

interest-bearing account.

On July 27, 2010, I issued an order that stated: "Unless a party objects by July 28,

2010 (tomorrow), I will enter the order requested by TD Bank permitting payment of the

contested funds into court in an interest-bearing account." Kahan filed a timely objection in

which it asserted, *inter alia*, that "in order to preserve the funds and the interest accruing thereon,

Kahan respectfully requests that TD be ordered to maintain the funds in an interest bearing

account at TD – not deposit them with the Court." By order dated August 3, 2010, I granted TD

Bank's motion to deposit the funds. I directed the Clerk of Court "to permit TD Bank to deposit

the funds at issue in this interpleader action – $2,089,000 – in the registry of the court." Again,

no mention was made of an interest-bearing account.

On October 14, 2010, counsel for TD Bank contacted the Court by telephone to

inquire as to whether it would be dismissed from the case. (*See* Order Show Cause, Oct. 15,

2010, ECF No, 36). The following day, I issued an order to show cause why TD Bank should

not be dismissed. In that order, I observed that, although TD Bank had deposited $2.089 million

with the Clerk of Court, it had not accounted for the $2,357.71 in interest that it had received

from the Secret Service. I further noted that "the funds plus interest should have been held in an

interest bearing account once they were returned [by the Secret Service] to TD Bank in June

[2010]," and TD Bank had not accounted for any interest that should have accrued from that time

until TD Bank deposited the funds with the Clerk of Court pursuant to my August 3 order.  I

therefore directed TD Bank to show cause why it should not be ordered to deposit the

appropriate amount of interest with the Court.  (*Id*.)

TD Bank responded on October 22, 2010.  It acknowledged that it was in

possession of the $2,357.71 received from the Secret Service and requested an order permitting it

to deposit that amount in the registry of the Court.  With respect to any interest that might have

accrued while that amount plus the $2.089 million were in TD Bank's possession, TD Bank

explained that the funds had been held in Kahan's account, which was a non-interest bearing

checking account.  TD Bank represented that federal law prohibits payment of interest on

checking accounts owned by for-profit entities.  (Pl.'s Response Order Show Cause, Oct. 22,

2010, ECF No. 39.)  On October 25, 2010, I found that TD Bank's representations appeared

accurate, and concluded that "unless a party objects by Wednesday, October 27, I will enter the

order requested by TD Bank permitting payment of $2,357.71 and dismissing TD Bank from the

case with prejudice."  Having received no objections, on October 28, 2010, I directed the Clerk

of Court to permit TD Bank to deposit $2,357.71 in the registry of the Court.  I was informed by

letter on November 9, 2010 that TD Bank had made the deposit (Pl.'s Letter Re. Registry

Deposit, Nov. 9. 2010, ECF No. 43), and I accordingly dismissed it from the case on November

10, 2010.

Meanwhile, interpleader defendants Kahan and Chase battled over ownership of

the funds.  Discovery dragged on into the summer of 2011, and in mid-July, cross-motions for

summary judgment were filed.  The dispute came to an abrupt end on August 3, 2011, when

defendants filed a stipulation of disbursement of the interpleaded funds to Kahan and of

discontinuance of the action.  (Joint Stip. Disbursement, Aug. 3, 2010 ECF No. 116.)  On August

4, 2011, the case was dismissed, and the Clerk of Court was directed to disburse the entire

contents of the account into which the interpleaded funds had been placed to Kahan.

On August 8, 2011, Kahan informed the Court by letter that the $2.089 million

had not been placed in an interest-bearing account, although the $2,357.71 subsequently

deposited by TD Bank had.  Kahan attributes the Court's failure to place the $2.089 million in an

interest-bearing account to "inadvertence or mistake," and it seeks "a *nunc pro tunc* order to

direct that the Clerk disburse the entire contents of the account into which the interpleaded funds

were placed to Kahan, including all interest that would have accumulated on the $2,089,000

from the date of deposit with the Court to the present, had those funds been deposited in an

interest bearing account."  (Kahan's Mot. Disbursement, Aug. 8, 2011, ECF No. 117).  Kahan's

motion is denied.

Section 1335 directs that the money at issue in an interpleader action be deposited

into the registry of the court, 28 U.S.C. § 1335(a)(2); it does not require that the money be placed

in an interest-bearing account.  Nonetheless, "[d]istrict courts have the discretion to deposit an

interpleader fund in an interest bearing account[.]" *Amoco Transport Co. v. Dietze, Inc.*, 582

F.Supp. 804, 806 (S.D.N.Y. 1984).  As evidenced by my July 27, 2010 order, I intended to

exercise that discretion.  However, at no time did any party request to have the funds placed in an

interest-bearing account.  The proposed order submitted by TD Bank on July 23, 2010 directed

only that the funds be deposited "in the registry of the Court."  When Kahan objected to this

proposed order, it did not seek an amendment specifying that the funds be held in an interest-

bearing account.  My order granting TD Bank's motion to deposit the funds tracked the language

of TD Bank's proposed order.  Neither Kahan nor any other party objected that I had not directed placement in an interest-bearing account.  "Since [plaintiff] properly deposited the funds with the court pursuant to 28 U.S.C. § 1335 and because [defendants] did not ask for the funds to be placed in an interest-bearing account, [defendant] is not entitled to . . . interest on the funds." *Mendez v. Teachers Ins. and Annuity Ass'n*, 91 Civ. 4873 (RPP), at \*1 (S.D.N.Y. 1993); *see also Mendez v. Teachers Ins. and Annuity Ass'n and College Retirement Equities Fund*, 982 F.2d 783 (2d Cir. 1992) ("[F]unds on deposit with the clerk of the court do not earn interest without a court order to that effect.  The record indicates that Mendez did not seek such an order.  Accordingly, since she failed to obtain an order providing for such interest, Mendez cannot reasonably claim entitlement to prejudgment interest on the annuity proceeds after they were deposited in the court on August 1, 1991.") (citing former Local Civil Rule 8(c)).

Rule 67 of the Federal Rules of Civil Procedure does not bear directly on this case, but it is instructive.  Rule 67 permits any party in an action where a money judgment or disposition of deliverable property is sought to deposit the property at issue with the court by leave of the court.  Rule 67 requires that any money paid into court pursuant to the rule "must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument."  Under Local Civil Rule 67.1, a party seeking a court order for money to be deposited by the Clerk in an interest-bearing account bears the burden of producing a proposed order to that effect.  In this case, the funds were deposited into the registry of the Court pursuant to 28 U.S.C. § 1335, not Rule 67.  Since § 1335 does not require placement in an interest-bearing account, it is appropriate to assign to the parties the burden of requesting such a placement, parallel to that imposed under Local Rule 67.1.

Kahan acknowledges that, despite my stated intent to direct that the funds be deposited in an interest-bearing account, my August 3, 2010 order did not do so. Where Kahan failed to request and obtain an amendment to that order, it cannot now collect interest that the money might have earned. Kahan observes that, although my order to deposit the $2,357.71 similarly did not provide for deposit into an interest-bearing account, those funds were nonetheless placed in such an account. I am informed by staff in the office of the Clerk of Court that the reference to that amount as itself interest was misconstrued as an order to place it in an interest-bearing account. This minor windfall in Kahan's favor does not rescue Kahan from its failure to file a timely request with respect to the $2.089 million.

Finally, I am not troubled by any inequity Kahan may perceive in its failure to collect interest on the funds. According to TD Bank's October 22, 2010 representation, which Kahan did not dispute, the funds were located in a non-interest bearing account before they were deposited with the Court. Their placement in the Court's registry therefore did not disturb the status quo with respect to payment of interest.

For the reasons stated above, Kahan's motion is denied. As stated in my August 4, 2011 order, Kahan is entitled to the contents of the accounts into which the interpleaded funds were placed. It is not entitled to any interest that might have, but did not accrue.

So ordered.


John Gleeson, U.S.D.J.

Dated: August 11, 2011
       Brooklyn, New York